## Lawver, Appellant, *v.* Anderson.

*Practice, Superior Court—Appeal—Order granting new trial—Judicial discretion—Proper exercise.*

The Superior Court has power to entertain an appeal from an order granting a new trial, but this power is to be exercised only in clear cases of abuse of discretion on the part of the trial court.

Where the record does not present a situation, from which it could be determined satisfactorily, either that judgment should be entered on the verdict, or in favor of the defendant notwithstanding the verdict, the case is not a proper one for the exercise of the power lodged in the appellate court, to reverse the order of the court below awarding a new trial.

Argued April 21, 1918. Appeal, No. 140, April T., 1919, by plaintiff, from decree of C. P. Cambria Co.,

338       LAWVER, Appellant, *v.* ANDERSON.

Statement of Facts—Opinion of the Court. [72 Pa. Superior Ct. June T., 1915, No. 645, awarding a new trial in case of Emery D. Lawver v. A. R. Anderson. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Ejectment for lots Nos. 21 and 22 in plan of Dibert Estate situate on Somerset street in the Sixth Ward of the City of Johnstown. Before O'CONNOR, J.

The opinion of the Superior Court states the case.

The jury returned a verdict for the plaintiff. The court, on defendant's motion, subsequently granted a new trial. Plaintiff appealed.

*Error assigned,* among others, was in granting a new trial.

*James A. Graham,* of *Graham & Yost,* and with him *Russell R. Yost* and *R. T. M. McCready,* for appellant.

*Walter Jones,* of *Jones & Myers,* for appellee.

OPINION BY HEAD, J., July 17, 1919:

The action was ejectment. The case was tried before the court and jury and resulted in a verdict for the plaintiff for the small parcel of ground in dispute. Motions for a new trial and for judgment n. o. v. were filed and after argument the learned court sustained the first named motion setting aside the verdict and awarding a new trial. From this order the plaintiff appeals.

The power of an appellate court to reverse such an order cannot now be considered an open question. But in the very late case of First National Bank v. Fidelity Trust Co., 251 Pa. 536, wherein the power of the appellate court is asserted, we find a declaration of the very limited compass within which such power should be exercised: "We have no doubt of our power to entertain an appeal from an order granting a new trial: Allen v. Sawyer, 2 P. & W. 325; Stauffer v. Reading, 206 Pa. 479;

Commonwealth v. Gabor, 209 Pa. 201. Of course, this power is to be exercised only in clear cases of an abuse of discretion on the part of the trial court. 'The granting or refusing of a motion for a new trial,' says our Brother POTTER in the case of Mifflintown Bank v. New Kensington Bank, 247 Pa. 40, 'is so largely a matter of discretion in the court below, that we will not attempt to review its exercise, except in a clear case of abuse of that discretion.' " Measured by this standard, we are unable to see upon what grounds this court could say that the learned court below had manifestly abused its discretionary power. In the taking of the testimony it is evident from the record the local knowledge of court and counsel, perhaps of the jury, made easy for their comprehension things that are by no means plain from a reading of the record.

It is ur̲ d that at the conclusion of the trial the learned judge reserved certain questions of law which, of course, he did not dispose of after reaching the conclusion a new trial should be awarded. No facts were agreed upon by the parties. No special verdict was rendered by the jury upon which an alleged controlling legal principle could operate. The submission was general and the verdict of the same character. We cannot say now with certainty that the only plan offered in evidence, which was not recorded until a considerable time after the execution and delivery of the deed which gives rise to the controversy, was in existence at the time the deed was made and was the plan to which reference is made in that deed. That must necessarily be a very important fact in the final disposition of this case and should be found one way or the other by the jury under proper instructions from the court. That plan shows no alley cutting or dividing the lot of ground mentioned in the deed as lot No. 22. There is no alley debouching into Somerset street that would cut lot No. 22. It is impossible for us then to locate a point described in some of the deeds as "Beginning at a corner of Somerset street and alley at

the northeastern corner of lot No. 22." If it be made clear upon another trial that the plan, recorded after the deed to Mary Dibert was made, was in fact in existence at the time the deed was made, and the plan referred to by the grantors in that deed, then there would be strong reason for holding that the deed would convey all of lots Nos. 21 and 22 as shown in that plan, notwithstanding the inconsistent language used by the grantors in a further or more particular attempt to describe the land conveyed.

The record as it is now made up does not present to us a situation where, by the application of a fixed rule of law, we could determine satisfactorily either that judgment should be entered on the verdict or in favor of the defendant notwithstanding the verdict.

Without attempting to anticipate the questions that may arise when the material facts shall have been ascertained, we have said enough to indicate the reasons for our conclusion that we have before us no proper case for the exercise of the power lodged in this court to reverse an order of the court below awarding a new trial. The assignments of error are overruled.

The appeal is dismissed at the costs of the appellant.