Commonwealth *v.* Fox, Appellant.

294

Argued April 9, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Alvah M. Shumaker,* with him *A. G. Helbling,* for appellant.

*Gilbert E. Long,* Assistant District Attorney, with him *Perry L. Reeher,* for appellee.

OPINION BY RHODES, P. J., July 17, 1956:

The defendant, Wilford Fox, was indicted in the Court of Quarter Sessions of Lawrence County on two counts. The first count charges the crime of fornication and bastardy, and the second charges the crime of fornication. A motion to quash the indictment was refused and defendant was tried before a jury on both counts. At the close of the Commonwealth's case, de-

fendant moved to dismiss the first count, charging bastardy, and asked for his discharge. The motion was granted by the trial judge on the ground that the Commonwealth failed to prove nonaccess of prosecutrix' husband. See Act of June 5, 1937, P. L. 1703, §1, No. 357, 19 PS §481. Defendant also moved to dismiss the second count because of purported lack of territorial jurisdiction. The latter motion was refused and defendant does not stress this point on appeal.

At the trial defendant rested without presenting any evidence; he merely submitted a point for binding instructions which was refused by the trial judge. The case was submitted to the jury only on the second count charging fornication, and the trial judge so limited his instructions. A verdict of guilty on that count was returned on June 17, 1955. On June 20, 1955, defendant filed a motion in arrest of judgment relating to his conviction of fornication. Before argument thereon he attempted by written request to withdraw the motion. On September 15, 1955, the matter was nevertheless called for argument before the court in banc, and on September 22, 1955, during the next session of court, the motion in arrest of judgment was refused. But the court, on its own motion, ordered a new trial on both counts of the indictment.

The first question for our consideration is whether the order granting a new trial is appealable. Apparently the order does nothing more than grant a new trial, and would place defendant in the same position as though no previous trial had been held. *Com. ex rel. Wallace v. Burke,* 158 Pa. Superior Ct. 612, 613, 45 A. 2d 871. As a general rule an appeal in a criminal case can be taken to this Court only after judgment of sentence or some other final disposition. *Com. v. Haimbach,* 151 Pa. Superior Ct. 581, 583, 30 A. 2d 653; *Com. ex rel. Paige v. Smith,* 130 Pa. Superior Ct. 536,

541-543, 198 A. 812; *Com. v. Gates,* 98 Pa. Superior Ct. 591, 594. There is good reason for the rule. An appeal at every intermediate stage of the proceeding would cause hopeless confusion and extended delay. Moreover, before final judgment or a final order, the court could in most instances correct any error relating to matters of a preliminary nature. Although a majority of cases come within this rule, there are exceptions to it. This has been true where the circumstances were unusual and justice required the exercise of appellate review at this stage of the proceeding. *Com. v. Trunk,* 311 Pa. 555, 565, 167 A. 333; *Com. v. Ragone,* 317 Pa. 113, 126, 176 A. 454; *Com. v. Kilgallen,* 379 Pa. 315, 320, 108 A. 2d 780; *Com. v. Gouger,* 21 Pa. Superior Ct. 217, 226; *Com. v. Tluchak,* 166 Pa. Superior Ct. 16, 21, 70 A. 2d 657. In *Com. v. Gabor,* 209 Pa. 201, 203, 58 A. 278, 279, an appeal from an order granting a new trial was heard and the Supreme Court commented: ". . . as the appellant claims to be entitled on the record to an absolute discharge, the order for another trial is so far in the nature of a final judgment that we think it best to consider and determine the appeal upon its merits." Cf. *Lawver v. Anderson,* 72 Pa. Superior Ct. 337, 338.

We are convinced that the circumstances of the instant case bring it within the exception. Defendant claims that, in sustaining the demurrer to the bastardy charge (the first count), his discharge was effected, and that he could not be required to stand trial again for the same offense. He submits that a new trial on the second count on which he stands convicted is unnecessary in view of the fact that he is ready and willing to be sentenced thereon. The only apparent reason for granting a new trial was to allow the Commonwealth to proceed again on the first count. If the court below committed an error of law or abused its

discretion in awarding a new trial, the appeal was properly taken therefrom. See *Ciabattoni v. Birdsboro Steel Foundry and Machine Company*, 179 Pa. Superior Ct. 538, 541, 118 A. 2d 229. For us to quash this appeal would result in a prolonged delay, unwarranted harassment, and a grave injustice. We refer to *Com. v. Day*, 114 Pa. Superior Ct. 511, 514, 515, 174 A. 646, which illustrates the unnecessary delay that would follow. We shall consider the appeal.

The other question presented in this case is whether the court below erred in granting a new trial. After argument on the motion to dismiss the first count of the indictment and for discharge the trial judge in granting the same was satisfied that the proof of nonaccess of prosecutrix' husband was not sufficient to submit to the jury. The trial judge explained his action to the jury as follows: "The Court is bound, under the law, to so instruct you and direct that the count charging fornication and bastardy against the defendant be dismissed."[1] It was proper that the bastardy count was neither mentioned nor submitted to the jury as defendant's demurrer had been previously sustained. *Com. v. Kerr*, 150 Pa. Superior Ct. 598, 601, 602, 29 A. 2d 340. Cf. *Com. v. Day*, supra, 114 Pa. Superior Ct. 511, 513, 174 A. 646. To have submitted the bastardy charge to the jury would have precluded an appeal by the Commonwealth and would have been error.

The order of the trial judge sustaining defendant's demurrer, which was in the form of a motion to dismiss, to the first count and discharging defendant was final, and the Commonwealth had the right to appeal

---

[1] The following also appears in the record:

"The Court: You are standing on your motion for discharge as to the first count?

"Mr. Shumaker: Yes, your Honor.

"The Court: That motion is granted, . . ."

therefrom without any further action on the part of the court below. *Com. v. Heller,* 147 Pa. Superior Ct. 68, 80, 24 A. 2d 460; *Com. v. Kerr,* supra, 150 Pa. Superior Ct. 598, 601, 29 A. 2d 340. The Commonwealth, having taken no timely appeal, could not subject defendant to a retrial on the same charge. As said in *Com. v. Marino,* 142 Pa. Superior Ct. 327, 330, 16 A. 2d 314, 315: ". . . the judgment entered on the demurrer, if sustained, is a discharge, and bars a second prosecution for the same cause; . . ." The demurrer having been sustained and defendant's discharge thereon having been granted, the court below could not render ineffectual its action by a reconsideration thereof on its own motion and thereupon grant a new trial. If the court's action was believed erroneous, the proper tribunal to determine any error was an appellate court; the burden was on the Commonwealth to appeal. The fact that defendant subsequently filed a motion in arrest of judgment to his conviction on the charge of fornication, the second count of the indictment, does not excuse the Commonwealth or extend the time within which it could appeal.

It is a recognized principle requiring no elaboration that the grant or refusal of a new trial is largely within the sound discretion of the court. *Com. v. Gabor,* supra, 209 Pa. 201, 204, 58 A. 278. It may do so for reasons submitted or for other reasons and upon its own motion. *Com. v. Souder,* 176 Pa. Superior Ct. 523, 526, 108 A. 2d 831. However, in a criminal case it may not do so where the defendant has been acquitted by a jury (*Com. v. Wallace,* 7 Pa. Superior Ct. 405, 408; *Hollister v. Com.,* 60 Pa. 103), nor may it do so where the defendant has been discharged of the burden of meeting a specific charge by an action of the court which is equivalent to an acquittal. See Sadler, Criminal Procedure in Pennsylvania, 2d Ed., Vol. 1, §375,

p. 445. Although there is a difference between the sustaining of a demurrer and a judgment of acquittal in criminal prosecutions in that the Commonwealth may appeal from the former but not from the latter (except as provided by the Act of May 19, 1874, P. L. 219, 19 PS §1188),[2] the effect of both is the same in respect to the power of the trial court to grant a new trial. Thus, where a defendant is acquitted, the lower court may not grant a new trial (*Com. v. Heller,* supra, 147 Pa. Superior Ct. 68, 71, 24 A. 2d 460; *Com. v. Kroekel,* 121 Pa. Superior Ct. 423, 429, 183 A. 749); and where, as here, a demurrer is sustained and defendant discharged, it may do so only at the direction of an appellate court. The fact that an order sustaining a demurrer is final for purposes of appeal precludes any further action on the matter by the lower court. Unless set aside on appeal, the matter becomes res judicata. In the instant case no appeal was taken by the Commonwealth.[3] Consequently, the disposition of defendant's motion to dismiss the first count in the indictment and for his discharge as to that count became res judicata; it could not and should not have been reconsidered in granting a new trial on the second count of the indictment.

Sufficient reason would thus appear for us to consider the appeal as on a narrow certiorari, as the court below had no further jurisdiction to grant a new trial after the demurrer was sustained and the appeal period had expired. *Clarendon V. F. W. Home Association Liquor License Case,* 167 Pa. Superior Ct. 44, 47, 75 A. 2d 171; *Com. v. Wallace,* supra, 7 Pa. Superior

---

[2] See *Com. v. Hollinger,* 170 Pa. Superior Ct. 180, 84 A. 2d 794.

[3] The only action taken by the Commonwealth was to except to a ruling of the trial judge and to take a general exception to the charge of the court. See *Com. v. Frank,* 159 Pa. Superior Ct. 271, 277, 48 A. 2d 133.

Ct. 405, 408; *Hollister v. Com.*, supra, 60 Pa. 103, 106.

The Commonwealth cites the case of *Com. v. Wright*, 383 Pa. 532, 119 A. 2d 492, as authority for the principle that in a criminal case an appeal can be taken only after sentence. But this rule is not inflexible and will yield in exceptional cases to safeguard basic human rights. *Com. v. Haimbach*, supra, 151 Pa. Superior Ct. 581, 583, 30 A. 2d 653. Moreover, the *Wright* case is distinguishable. In that case the defendant was convicted of both fornication and bastardy notwithstanding blood tests as disclosed by the evidence showed that he could not be the father of the child. It was held that the order granting a new trial was not appealable, because the remedy for the alleged erroneous conviction and failure to direct a verdict on the bastardy charge was to grant a new trial. In the instant case, defendant was not convicted of bastardy; and the court below erred in attempting to grant a new trial on that count after sustaining the demurrer and discharging defendant. This action of the court below was in our opinion an error of law of sufficient consequence to warrant an immediate appellate review and to require a reversal.

We also conclude that the grant of a new trial on the second count charging fornication is likewise error. In granting the new trial the court below stated: "An examination of the record before us convinces the Court that a new trial ought to be granted in the interests of justice and the Commonwealth be permitted to proceed on both counts in the original indictment." It is obvious that the only reason for granting the new trial on the second count of the indictment was to allow a retrial of the first count. We cannot see where the Commonwealth has anything to gain by retrying defendant on the second count since he has already been convicted and acquiesces therein. It is not nec-

essary for us to decide whether the withdrawal of defendant's motion in arrest of judgment prevented any further action on the part of the court because, even without this motion and solely on its own motion,[4] the court has the power to grant a new trial unless, of course, it does so as a result of an abuse of discretion or an error of law. As the basic reason for the award of a new trial in the instant case was erroneous, we shall therefore reverse the order granting a new trial on both counts. Cf. *Broomall v. Pennsylvania Railroad Co.,* 296 Pa. 132, 137, 145 A. 703; *Hoban v. Conroy,* 347 Pa. 487, 489, 32 A. 2d 769. A new trial should not be granted where, as a practical matter, it would be ineffectual. *Com. v. Daily (No. 2),* 280 Pa. 59, 66, 124 A. 440. Defendant does not question his conviction on the charge of fornication; a new trial on that charge is without justification.

The order of the court below granting a new trial is reversed, and defendant is directed to appear before the court below at such time as it may determine and there to be sentenced on the conviction of the charge of fornication as set forth in the second count of the indictment.

---

[4] See *Com. ex rel. Wallace v. Burke,* 169 Pa. Superior Ct. 633, 635, 84 A. 2d 254.