## Commonwealth v. Segars

*Edward C. Boyle* and *S. Donald Weley*, for Commonwealth.

*John V. Snee*, for defendant.

SOHN, J. (Specially Presiding), July 31, 1956.—Defendant came to trial under an indictment containing

two counts, the first, aggravated assault and battery, and the second, assault and battery. At the conclusion of the Commonwealth's case, counsel for defendant demurred. The assistant district attorney conceded that he had not made out a case on the charge of aggravated assault and battery. The trial judge sustained the demurrer to both counts in the indictment. Subsequently, the district attorney moved the court to set aside the demurrer and the motion was argued before the court en banc.

From the evidence offered by the Commonwealth, the following facts could have been found if the case had been submitted to a jury. March 2, 1955, a county detective patrol car, containing four detectives, was cruising in the Lawrenceville section of the City of Pittsburgh. The detectives observed an automobile operated by defendant, and the detectives approached that vehicle intending to question the occupants. Defendant increased the speed of his vehicle and the detectives set out in pursuit. The vehicles proceeded in that manner on Penn Avenue toward downtown Pittsburgh. The vehicles traveled at high speed through congested traffic. Defendant drove his vehicle onto Twenty-ninth Street and crossed Railroad Street, near the city incinerator, and proceeded toward the Allegheny River. Rucker, a police officer of the City of Pittsburgh, was seated on a parked three-wheel motorcycle, at the intersection of Twenty-ninth Street and Railroad Street. Rucker observed the movement of defendant's automobile with the county detectives in hot pursuit. Defendant drove his automobile through the incinerator plant and lot adjacent to it and he entered Railroad Street at a point approximately 100 yards from the intersection of Twenty-ninth Street and Railroad Street. Defendant then proceeded toward that intersection. Rucker continued to observe the chase and he placed his motorcycle as a road block

across Railroad Street near Twenty-ninth Street. Rucker was seated on the motorcycle and he held up his arm as a signal to defendant, who was approaching the motorcycle at a high rate of speed. When defendant's automobile was about eight feet from the motorcycle, it swerved sharply to the left, around the motorcycle, made a left turn and proceeded on Twenty-ninth Street. This incident occurred about two o'clock in the afternoon of a clear day. There was no contact between defendant's automobile and Rucker or the motorcycle. Just prior to the swerving of defendant's vehicle, Rucker, to avoid injury to himself, jumped off over the rear of the motorcycle and his body came into contact with the pavement. As a result of that contact, Rucker suffered an abrasion of the forehead. On the facts as recited, the trial judge concluded that the Commonwealth had not made out a case which would support a verdict of guilty of assault and battery and, therefore, he sustained the demurrer.

It is the contention of the district attorney that the manner in which defendant drove his automobile toward Rucker constituted an assault and that a battery was committed when Rucker, in an attempt to avoid the threatened assault, forcibly came in contact with the pavement.

The court did not adopt this theory at trial and after careful consideration, we are of the opinion that the evidence is not sufficient to support a verdict of guilty of assault and battery. An assault is an attempt, or offer, with force and violence, to do a corporal hurt to another: Commonwealth v. Moon, 151 Pa. Superior Ct. 555. A battery is committed whenever the violence menaced in an assault is actually done, though in ever so small a degree, upon the person: Butler v. Stockdale, 19 Pa. Superior Ct. 98. There was no contact with Rucker or his vehicle. Consequently, the offense of assault and battery was not sustained by

the evidence. It is essential to a battery that some force be actually applied, not merely threatened or attempted to be applied, to the person of another, or to some article so closely connected with his person as to be regarded as a part of it: Anderson v. Crawford, 265 Fed. 504; 2 Bishop, Cr. Law, sec. 72-(1). See Commonwealth v. Reichert, 4 D. & C. 2d 625, 627.

The opinion of the Superior Court in Commonwealth v. Fox, 181 Pa. Superior Ct. 292, is decisive as to a procedural issue in this case In the instant case, after the demurrer was sustained, the Commonwealth moved the court to set aside the demurrer. We find no authority supporting such procedure. In Commonwealth v. Fox, supra, President Judge Rhodes said:

"The order of the trial judge sustaining defendant's demurrer, which was in the form of a motion to dismiss, to the first count and discharging defendant was final, and the Commonwealth had the right to appeal therefrom without any further action on the part of the court below. *Com. v. Heller*, 147 Pa. Superior Ct. 68, 80, 24 A. 2d 460; *Com. v. Kerr*, supra, 150 Pa. Superior Ct. 598, 601, 29 A. 2d 340. The Commonwealth, having taken no timely appeal, could not again subject defendant to a retrial on the same charge. As said in *Com. v. Marino*, 142 Pa. Superior Ct. 327, 330, 16 A. 2d 314, 315: '. . . the judgment entered on the demurrer, if sustained, is a discharge, and bars a second prosecution for the same cause; . . . ' The demurrer having been sustained and defendant's discharge thereon having been granted, the court below could not render ineffectual its action by a reconsideration thereof on its own motion and thereupon grant a new trial. If the court's action was believed erroneous, the proper tribunal to determine any error was an appellate court; the burden was on the Commonwealth to appeal. The fact that defendant sub-

sequently filed a motion in arrest of judgment to his conviction on the charge of fornication, the second count of the indictment, does not excuse the Commonwealth or extend the time within which it could appeal.

"It is a recognized principle requiring no elaboration that the grant or refusal of a new trial is largely within the sound discretion of the court. *Com. v. Gabor*, supra, 209 Pa. 201, 204, 58 A. 278. It may do so for reasons submitted or for other reasons and upon its own motion. *Com. v. Souder*, 176 Pa. Superior Ct. 523, 526, 108 A. 2d 831. However, in a criminal case it may not do so where the defendant has been acquitted by a jury (*Com. v. Wallace*, 7 Pa. Superior Ct. 405, 408; *Hollister v. Com.*, 60 Pa. 103), nor may it do so where the defendant has been discharged of the burden of meeting a specific charge by an action of the court which is equivalent to an acquittal. See Sadler, Criminal Procedure in Pennsylvania, 2d Ed., Vol. 1, §375, page 445. Although there is a difference between the sustaining of a demurrer and a judgment of acquittal in criminal prosecutions in that the Commonwealth may appeal from the former but not from the latter (except as provided by the Act of May 19, 1874, P. L. 219, 19 PS §1188), (see *Com. v. Hollinger*, 170 Pa. Superior Ct. 180, 84 A. 2d 794), the effect of both is the same in respect to the power of the trial court to grant a new trial. Thus, where a defendant is acquitted, the lower court may not grant a new trial (*Com. v. Heller*, supra, 147 Pa. Superior Ct. 68, 71, 24 A. 2d 460; *Com. v. Kroekel*, 121 Pa. Superior Ct. 423, 429, 183 A. 749); and where, as here, a demurrer is sustained and defendant discharged, it may do so only at the direction of an appellate court. The fact that an order sustaining a demurrer is final for purposes of appeal precludes any further action on the matter by the lower court. Unless set aside on appeal, the matter becomes res

judicata. In the instant case no appeal was taken by the Commonwealth. (The only action taken by the Commonwealth was to except to a ruling of the trial judge and to take a general exception to the charge of the court. See Com. v. Frank, 159 Pa. Superior Ct. 271, 277, 48 A. 2d 133. Consequently, the disposition of defendant's motion to dismiss the first count in the indictment and for his discharge as to that count became res judicata; it could not and should not have been reconsidered in granting a new trial on the second count of the indictment.

"Sufficient reason would thus appear for us to consider the appeal as on a narrow certiorari, as the court below had no further jurisdiction to grant a new trial after the demurrer was sustained and the appeal period had expired: Clarendon V. F. W. Home Association Liquor License Case, 167 Pa. Superior Ct. 44, 47, 75 A. 2d 171; Com. v. Wallace, supra, 7 Pa. Superior Ct. 405, 408; Hollister v. Com., supra, 60 Pa. 103, 106."

We, therefore, conclude that the evidence is insufficient to support a verdict of guilty. Moreover, after the demurrer was sustained, there was no power in the court to set aside the demurrer. To set aside the demurrer would, in effect, be the equivalent of granting a new trial, on petition of the Commonwealth, after an adjudication which resulted in an acquittal of defendant. To have a review of the trial court's action in sustaining the demurrer, the Commonwealth must appeal.

### Order

And now, to wit, July 3, 1956, for the reasons stated in the foregoing opinion, it is ordered, adjudged and decreed that the petition of the district attorney to set aside the demurrer which had been sustained by the court, be, and it is hereby overruled.