## Commonwealth, Appellant, *v.* Wydo.

Argued March 8, 1965. Before Ervin, P. J., Wright, Watkins, Montgomery, Jacobs, and Hoffman, JJ. (Flood, J., absent).

W. *Bertram Waychoff*, District Attorney, and *Leon Ehrlich*, Deputy Attorney General, with them *Walter E. Alessandroni*, Attorney General, for Commonwealth, appellant.

W. *Robert Thompson*, with him *James H. McConomy*, *Gilbert J. Helwig*, *Walter T. McGough*, and *Thompson & Baily*, and *Reed, Smith, Shaw & McClay*, for appellee.

OPINION PER CURIAM, March 18, 1965:

Section 4 of the Act of May 19, 1897, P. L. 67, as amended, 12 PS §1136, provides that no appeal shall be allowed in any case from a sentence or order of any Court of Quarter Sessions or of Oyer and Terminer unless taken within 45 days from the entry of the sentence or order.

In this case the court entered an order sustaining defendant's demurrer to the evidence which reads as follows: "And now, June 17, 1964, the Court, upon due consideration of the Demurrer to evidence, sustains motion and discharges the Jury from further attendance upon this Court and all witnesses in this case discharged and costs placed upon the County of Greene." The Commonwealth moved to strike and on November 16, 1964, after hearing and argument, the trial court affirmed the entry of the demurrer. The Commonwealth appealed on December 18, 1964.

The Commonwealth has the right of appeal from an order sustaining a demurrer as an exception to the general rule. *Commonwealth v. Heller*, 147 Pa. Superior Ct. 68, 24 A. 2d 460 (1942). This, however, was

not a timely appeal. The appeal time began to run on June 17, 1964, the date when the order sustaining the demurrer was entered. The provisions of appeal statutes are mandatory whether or not the opposite party moves to quash. *Commonwealth v. Nicosia,* 184 Pa. Superior Ct. 440, 136 A. 2d 135 (1957). There is no room for the exercise of discretion. An order sustaining a demurrer is final and the Commonwealth has the right to appeal without any further action on the part of the court below. Where no timely appeal is taken the matter becomes res judicata. *Commonwealth v. Fox,* 181 Pa. Superior Ct. 292, 124 A. 2d 628 (1956). The statutory period is not extended by the filing of a motion for a new trial. A defendant's motion for a new trial filed two days after sentence, where the court below did not set aside the sentence, open the judgment or otherwise stay the proceedings, did not prevent the running of the forty-five day appeal period. *Com. v. Jackson,* 196 Pa. Superior Ct. 539, 176 A. 2d 178 (1961). See also: *Com. v. Samolsky,* 202 Pa. Superior Ct. 406, 195 A. 2d 818 (1963). Similarly, in this case, where no stay of proceedings appears in the record, the Commonwealth's motion to strike did not extend the appeal period.

The trial judge in his opinion said: ". . . it is fair to state that at the time the demurrer was entered, counsel for defendant, the District Attorney, and the trial judge were of the opinion that the order sustaining the demurrer could be reviewed by the trial judge after the record was transcribed and after further argument." Even if this were true the mandatory time of appeal from the order could not be extended. "The fact that an order sustaining a demurrer is final for purposes of appeal precludes any further action on the matter by the lower court. Unless set aside

on appeal, the matter becomes res judicata." *Com. v. Fox*, supra, at page 299.

The appeal is quashed.