380 A.2d 428

**COMMONWEALTH of Pennsylvania**

v.

**Daniel ANDREWS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 22, 1976.

Decided Dec. 2, 1977.

Harry L. Green, Jr., Assistant Public Defender, Lansdale, for appellant.

Eric J. Cox, Assistant District Attorney, Conshohocken, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

PRICE, Judge:

On August 8, 1975, the court below dismissed the criminal charges filed against the appellant on the basis that the appellant's right to a speedy trial under Pa.R.Crim.P. 1100 had been violated. Fifty-two days later, on September 29, 1975, the court below rescinded its previous order and reinstated the criminal action against the appellant. The appellant now contends that the court below exceeded its authority by reconsidering its previous order. We agree with this contention, reverse the order of September 29, 1975, and reinstate the order of August 8, 1975.

Specifically, this appeal arose as follows: On October 25, 1974, a criminal complaint was filed against the appellant charging him with neglect to support two bastard children.[1] On April 16, 1975, the Commonwealth petitioned the lower court to extend the time for commencement of trial, alleging

1. 18 Pa.C.S. § 4323.

that trial could not be commenced within 180 days, or by April 22, 1975, as required by Pa.R.Crim.P. 1100(a)(2).[2] By an order dated April 25, 1975, the court below granted the Commonwealth's request and extended the mandatory period until July 31, 1975.

On July 29, 1975, the Commonwealth, by a form petition, again applied to the court below for an extension of time, stating cryptically that the appellant could not be brought to trial by July 31, 1975, because " . . . the case was continued not reached." The Commonwealth failed to explain further why the appellant could not be tried within the mandatory period, adding merely that the delay was caused despite its due diligence. On August 8, 1975, the lower court denied the Commonwealth's petition to extend and dismissed the charges against the appellant. No further action was taken in this case until September 22, 1975, when the Commonwealth petitioned the court below to reconsider its order of August 8, 1975. On September 29, 1975, the court below rescinded its order of August 8, 1975, granting the Commonwealth until October 31, 1975, to commence trial. The propriety of this action is now questioned.

 An order sustaining a motion to dismiss and discharging an appellant is a final order, and the Commonwealth is entitled to appeal therefrom without any further action on the part of the lower court. *Commonwealth v. Wydo,* 205 Pa.Super. 62, 208 A.2d 12 (1965); *Commonwealth v. Fox,* 181 Pa.Super. 292, 124 A.2d 628 (1956). In the instant case, the Commonwealth was required to file its appeal within thirty days of the entry of the order on August 8, 1975. Act of July 31, 1970, P.L. 673, No. 223, art. V, § 502, (17 P.S. § 211.502). No appeal, however, was taken. The Commonwealth's petition to reconsider, filed September 22, 1975, could not extend the thirty day appeal

2. Pa.R.Crim.P. 1100(a)(2) provides that: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

period. *Commonwealth v. Wydo, supra.* As we stated in *Commonwealth v. Wydo, supra,* " '[t]he fact that an order sustaining a [motion to discharge] is final for purposes of appeal precludes any further action on the matter by the lower court. Unless set aside on appeal, the matter becomes res judicata.' " *Id.* 205 Pa.Super. at 64–65, 208 A.2d at 14, *quoting Commonwealth v. Fox, supra* 181 Pa.Super. at 299, 124 A.2d at 631. "If the court's action was believed erroneous, the proper tribunal to determine any error was an appellate court; the burden was on the Commonwealth to appeal." *Commonwealth v. Fox, supra* 181 Pa.Super. at 298, 124 A.2d at 631. Since the court below had no jurisdiction to set a new trial date after it sustained the appellant's motion to dismiss and the appeal period had expired, we reverse the order of September 29, 1975, and reinstate the order of August 8, 1975.