## Commonwealth v. Gabor, Appellant.

*Appeals—New trial—Interlocutory order—Hearing on merits—Criminal law.*

An appeal in a criminal case from an order of the court below for a new trial, although based upon an interlocutory order, will be heard by the appellate court on its merits, where the appellant claims to be entitled on the record to an absolute discharge.

*Criminal law—New trial—Right of court to grant a new trial on its own motion—Twice in jeopardy.*

The right of a court to order a new trial of its own motion is indisputable. It is one of the essential functions of a judge sitting with a jury.

A prisoner was indicted for murder, regularly tried, and a verdict rendered of guilty of manslaughter. By inadvertence this verdict was received, and the jury discharged in the absence of the prisoner. On being brought in subsequently for sentence, the prisoner moved for arrest of judgment, and a discharge from custody. The court refused the motion, but set aside the verdict, and ordered a new trial. *Held,* that the order for a new trial should be affirmed.

Such an order does not violate article 1, section 2, of the constitution which provides that "no person shall for the same offense be twice put in jeopardy of life or limb."

*Criminal law—Absence of prisoner—Verdict.*

The absence of a prisoner at the rendition of the verdict on the trial of an indictment for murder is fatal error.

*Criminal law—Practice, O. & T.—Arrest of judgment—Setting aside verdict —New trial.*

In a criminal case an order directing " that the verdict be set aside and a new trial granted," is a sufficient disposition of a motion in arrest of judgment, and for a discharge of the prisoner; no other formal order is necessary.

Argued Feb. 16, 1904.    Appeal, No. 296, Jan. T., 1903, by defendant, from order of O. & T. Schuylkill Co., Sept. T., 1903, No. 544, directing a new trial in case of Commonwealth v. Michael Gabor.    Before MITCHELL, C. J., FELL, BROWN, POTTER and THOMPSON, JJ.    Affirmed.

Indictment for murder.    Before BECHTEL, P. J.

From the record it appeared that when the verdict for manslaughter was taken and the jury discharged, the prisoner was not in court.

Subsequently when the prisoner was brought in for sentence he moved for arrest of judgment and a discharge from custody. Upon this motion the court made the following order :

And now, December 7, 1903, upon the case as now presented to the court, it is now hereby directed that the verdict be set aside, a new trial be granted—the court reserving the right to file a written opinion if deemed necessary hereafter.

*Errors assigned* were in the following form :

1. The court erred in denying the prisoner's request to be discharged from the premises in the verdict specified.

2. The court erred in refusing to discharge the prisoner from the premises in the indictment specified.

3. The court erred in setting the verdict aside.

4. The court erred in making the following order :

" And now, December 7, 1903, upon the case as now presented to the court, it is now hereby directed that the verdict be set aside and new trial be granted."

5. The court erred in granting the prisoner a new trial.

*R. H. Koch,* with him *F. P. Krebs,* for appellant.—A prisoner must be present when the verdict is returned or rendered :

Dunn v. Com., 6 Pa. 384 ; Hamilton v. Com., 16 Pa. 129 ; Prine v. Com., 18 Pa. 103 ; Dougherty v. Com., 69 Pa. 286.

The constitution provides that " no person shall for the same offense be twice put in jeopardy of life or limb : " art. 1, sec. 10. And yet the court below " directed that the verdict be set aside and new trial granted," thus attempting " for the same offense to twice put in jeopardy of life or limb " the defendant in this case, and this, not only *without the defendant's request*, but against his objection and emphatic protest. This language of the constitution is a sufficient reason why the order of the court below should be rendered nugatory by this court and the prisoner, who has now been in jail for many months since his trial, should be discharged.

*C. E. Berger*, district attorney, with him, *J. H. Rothstein*, for appellee.

OPINION BY MR. CHIEF JUSTICE MITCHELL, May 16, 1904:

The commonwealth moves to quash this appeal as it is from an order of the court below for a new trial, and there is therefore no final judgment. Ordinarily this would be so beyond question, but as the appellant claims to be entitled on the record to an absolute discharge, the order for another trial is so far in the nature of a final judgment that we think it best to consider and determine the appeal upon its merits.

The facts lie within a very narrow compass. The appellant was indicted for murder, regularly tried, and a verdict rendered of guilty of manslaughter. By inadvertence this verdict was received, and the jury discharged in the absence of the prisoner. On being brought in subsequently for sentence, the prisoner moved for arrest of judgment and a discharge from custody. The court refused the motion but set aside the verdict and ordered a new trial. This action is the ground of the appeal.

The appeal is purely technical and entirely without substantial merit. It belongs to the class referred to by the late Chief Justice STERRETT as " subtile distinctions that mark no substantial differences, and do not affect the merits of a controversy unless it may be to obscure or to defeat them (and) should not be allowed to thwart justice in the interests of disorder and crime : " Com. v. Jongrass, 181 Pa. 172. And to the same

effect it was said in Com. v. Kaiser, 184 Pa. 493, the safeguards which the law has placed around the innocent " will not be allowed to be perverted into devices to defeat justice, and this court has set its face resolutely against trifling objections that raise no point of any real bearing on the fact of guilt or innocence."

The objection that the appellant's motion in arrest of judgment and for a discharge was not formally passed upon and overruled is sufficiently answered by a reference to the case of Weaver v. Com., 29 Pa. 445, where it was held that passing sentence was a sufficient overruling and disposition of such a motion.

The right of a court to order a new trial of its own motion is indisputable. It is one of the essential functions of a judge sitting with a jury.

In Rex v. Gough, 2 Douglas, 791, the court suggested that a new trial would be proper and on counsel saying they would have moved for it but thought it too late, Lord MANSFIELD declared that the court if enough appeared could grant a new trial.

In Rex v. Atkinson, 5 Term Rep. 437, note (1783), Lord MANSFIELD is quoted as saying that no motion could be made for a new trial, after four days, " but if it came out incidentally by the report that it was proper, the court might grant one," and further, " if the court conceive a doubt that justice is not done it is never too late to grant a new trial, but not on the application of the party." In King v. Holt, 5 Term Rep. 436, Lord KENYON said he well remembered the case of King v. Gough " where the objection to the verdict was taken by the court themselves," and in the same case BULLER, J., concurred that after four days the party could not be heard on motion for new trial, but only in arrest of judgment, but " if in the course of that address it incidentally appear that justice has not been done the court will interpose of themselves." And see Tidd's Practice, 912.

There is no reason why a court, finding that it has committed an error, should not be able to correct it by an order for a new trial rather than be compelled to wait to reach the same result by a reversal upon writ of error. The right to do so was stated by BRACKENRIDGE, J., arguendo in Ewing v. Tees, 1 Binn. 450,

457, and was distinctly asserted in Graham v. Graham, 1 S. & R. 330, where Chief Justice TILGHMAN said, " this authority is incident to the trial by jury by the principles of the common law." So far as we are advised it has not been questioned in Pennsylvania since.

The English precedents above cited were made in criminal cases, and the only essential difference in the exercise of this power in civil and in criminal cases, is that in the latter the court may not put an additional burden on the prisoner. If the trial has resulted in an acquittal, error or no error, the prisoner is free of that charge. In the present case the indictment was for murder, but the verdict was guilty of manslaughter. Under the decisions in this state the verdict of manslaughter was so far an acquittal of murder that the appellant cannot now be found guilty on that indictment of any higher grade than manslaughter. He has therefore everything to gain and nothing to lose by another trial, and the constitutional prohibition against putting twice in jeopardy for the same offense has no applicability here. As said in Com. v. Fitzpatrick, 121 Pa. 109, 117, " The justice of sustaining a plea of former acquittal or conviction is unquestioned and unquestionable, but a plea of ' once in jeopardy ' stands on narrower, more technical, and less substantial ground. It alleges only that there might have been a conviction or an acquittal, if the judge trying the cause had not made a mistake in law which prevented a verdict. It is of no consequence how many mistakes he makes, if the trial results in a conviction. The mistake can be corrected on a writ of error and the defendant tried over again." And as already said if it can be done by an appellate court on review, it can be done by the court itself when convinced of its own error.

Appellant cites Hamilton v. Com., 16 Pa. 129, as authority for the demand that he shall be discharged. In that case the prisoner was convicted of murder of the first degree and sentenced but the record failed to show that he had been asked what he had to say why sentence should not be pronounced against him, and it did not affirmatively appear even that he was present in court when sentence was passed. This court discharged him, but it appears expressly in the report (p. 134) that the discharge was upon habeas corpus after the attorney general had appeared and stated that it was not the intention

of the commonwealth to prosecute the case any further.   Without this feature the absence of the opportunity to state objections to sentence would only have led to a reversal for the purpose of a new and regular sentence: Com. v. Preston, 188 Pa. 429.   In Dougherty v. Com., 69 Pa. 286, there was a mistrial by a confusion of the records of the quarter sessions and oyer and terminer, and this court reversed the conviction but sent the prisoner back for trial in the oyer and terminer.   And in Com. v. Lutz, 200 Pa. 226, a plea of twice in jeopardy was overruled and a second conviction affirmed.

We find no error in this record and the order for new trial is affirmed.