## Sheesley et ux. v. Harrisburg Railways Company.

*Practice, C. P.—Trespass—New trial—Failure of plaintiff to prove case—Motion for judgment n. o. v.*

1. The right of the court to order a new trial of its own motion is indisputable.

2. In an action of trespass for the death of a child, where the plaintiff has failed to prove either that the defendant was negligent or that the death resulted from injuries received, and where the defendant has asked for judgment *n. o. v.* because of the failure of the plaintiff to prove his case, the court, believing both matters susceptible of proof, and fearing that not to do so would work a great injustice to plaintiff, will, of its own motion, order a new trial.

Motion for judgment *non obstante veredicto.* C. P. Dauphin Co., Jan. T., 1917, No. 339.

*Harvey E. Knupp,* for plaintiffs.

*Charles L. Bailey, Jr.,* and *George F. Lumb,* for defendants.

WICKERSHAM, J., Dec. 9, 1921.—It did not appear from the evidence presented by the plaintiffs at the trial that their child, who was injured, died because of the injuries sustained, as it was claimed, because of the negligence of the defendant in operating one of its street cars carelessly, recklessly and negligently; furthermore, it did not appear from the plaintiffs' evidence how far away from the child the street car was at the time the mother came upon the porch and saw her child sitting upon one of the tracks of the defendant company, which said car afterwards ran over and injured it. Without this evidence it was impossible for the jury to find that the defendant was negligent in the operation of its car, which resulted in injury to the plaintiffs' child.

The defendant made a motion for a compulsory non-suit, which we declined. The verdict of the jury being in favor of the plaintiffs and against the defendant, counsel for the defendant have filed a motion for judgment in its favor *non obstante veredicto.* We believe both of the matters about which the defendant complains, to wit, the failure of the plaintiffs to prove that their child died because of injuries resulting from the negligence of the defendant, and that the defendant actually was negligent, are susceptible of proof, and now to enter judgment in favor of the defendant *non obstante veredicto* would, we fear, work a great injustice to the plaintiffs. The right of the court to order a new trial of its own motion is indisputable. It is one of the essential functions of the judge sitting with a jury. If the court conceive a doubt that justice is done, it is never too late to grant a new trial, but not on the application of the party: Com. *v.* Gabor, 209 Pa. 201.

In order, therefore, that justice may be done, the motion of the defendant for judgment *non obstante veredicto* is overruled and a new trial is hereby granted.                    From William Jenkins Wilcox, Harrisburg, Pa.