411 A.2d 501

**COMMONWEALTH of Pennsylvania**

v.

**Michael WATSON, Appellant.**

Superior Court of Pennsylvania.

Argued July 23, 1979.

Filed Sept. 21, 1979.

Petition for Allowance of Appeal Denied Jan. 14, 1980.

Vincent J. Ziccardi, Philadelphia, for appellant.

Stephen J. Cooperstein, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before MONTGOMERY, O'BRIEN and HONEYMAN, JJ.*

O'BRIEN, Judge:

Appellant, Michael Watson, was convicted by a jury of murder of the first degree, robbery and criminal conspiracy. Post-verdict motions were filed. The court en banc granted appellant's motion for a new trial but denied his motion in arrest of judgment. Appellant now challenges the propriety of that denial.[1]

Appellant believes the evidence presented at trial was insufficient to sustain his convictions; hence, he argues the motion in arrest of judgment should have been granted. In *Commonwealth v. Meadows*, 471 Pa. 201, 205–06, 369 A.2d 1266, 1268 (1977), the court stated:

"It is well established that:

---

* Justice HENRY X. O'BRIEN of the Supreme Court of Pennsylvania and Judge ROBERT W. HONEYMAN of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

1. The Commonwealth urges this appeal be quashed, arguing that an order granting a new trial but denying a motion in arrest of judgment "is appealable only if defendant claims that the proper disposition of the issue on which he was granted the new trial would be a complete discharge; that is, only if he claims he is entitled to a discharge for the very reason the trial court granted him a new trial. See Pa.R. A.P. 311(b)." (Letter brief for Commonwealth, Page 1.)
Pa.R.A.P. 311(b) [now Pa.R.A.P. 311(a)(5)] stated:
"An appeal may be taken from  .  .  .  an order in a criminal proceeding awarding a new trial where the defendant claims that the proper disposition of the motion would be an absolute discharge." The comments to the rule cite *Commonwealth v. Gabor*, 209 Pa. 201, 58 A. 278 (1904) as authority for the rule. In *Gabor*, the defendant was granted a new trial because the verdict was received in defendant's absence. The defendant argued that the Pennsylvania Constitution's provision against double jeopardy prohibited a retrial. On these facts, the court considered Gabor's appeal *on the merits*. The Commonwealth's argument is thus without merit. See also *Commonwealth v. Chenet*, 473 Pa. 181, 183, n. 1, 373 A.2d 1107, 1108, n. 1 (1977).

" 'In passing upon such a motion [in arrest of judgment], the sufficiency of the evidence must be evaluated upon the *entire trial record.* All of the evidence must be read in the light most favorable to the Commonwealth and it is entitled to all reasonable inferences arising therefrom. The effect of such a motion is to admit all the facts which the Commonwealth's evidence tends to prove.' [Citations omitted.] [Emphasis in original.]

"*Commonwealth v. Tabb,* 417 Pa. 13, 16, 207 A.2d 884, 886 (1965); *Commonwealth v. Winebrenner,* 439 Pa. 73, 77–78, 265 A.2d 108 (1970); *Commonwealth v. Terenda,* 433 Pa. 519, 523, 252 A.2d 635, 637 (1969); *Commonwealth v. Hazlett,* 429 Pa. 476, 478, 240 A.2d 555, 556 (1968). In order for a trial court to properly grant a criminal defendant's motion in arrest of judgment on the ground of insufficient evidence, 'it must be determined that accepting all of the evidence and all reasonable inferences therefrom, upon which, if believed [the verdict could properly have been based], it would be nonetheless insufficient in law to find beyond a reasonable doubt that the [defendant] is guilty of the crime charged.' *Commonwealth v. Blevins,* 453 Pa. 481, 483, 309 A.2d 421, 422 (1973); *Commonwealth v. Froelich,* 458 Pa. 104, 106, 326 A.2d 364, 365 (1974); *Commonwealth v. Winebrenner,* supra; *Commonwealth v. Terenda,* supra."

The evidence presented against appellant at trial is as follows:

On October 24, 1976, Joseph Cohen, a sixty-five year old shop owner, was found bound, hanging from a shelf in the back storeroom of his shop, fatally stabbed in the chest. Appellant and three co-defendants were arrested. All four individuals gave statements; however, prior to trial appellant's confession was suppressed.

At trial, the statements of appellant's co-defendants were introduced after all references to accomplices were deleted. The confessions indicated that four men had planned and carried out the robbery at the victim's shop and killed Mr. Cohen because he could have identified the perpetrators.

Following the discovery of the victim's body, police from the Mobile Crime Detection Unit lifted a fresh fingerprint, which defense counsel stipulated to be appellant's, from the inside of a door in the store's stockroom. Mrs. Esther Cohen, the victim's widow, testified she had thoroughly cleaned the stockroom two or three days prior to the killing. No other identifiable prints were found, with only seven partial prints found in all. Further, Mrs. Cohen testified that only employees were permitted in the stockroom and that appellant had never worked in the store. Further, pursuant to a valid search warrant, police seized a .25 automatic pistol in appellant's home. The first day of trial, a detective testified that one of the co-defendants identified the gun as the one used in the robbery. Appellant failed to object to this testimony.

When viewing all of the evidence presented, it is clear the Commonwealth presented sufficient circumstantial evidence to prove appellant's participation in the robbery-slaying beyond a reasonable doubt. As such, appellant's motion in arrest of judgment was properly denied.

Order affirmed.