516 A.2d 352

COMMONWEALTH of Pennsylvania

v.

**John WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Argued March 26, 1986.

Filed Aug. 26, 1986.

Reargument Denied Oct. 21, 1986.

Dennis I. Turner, Pittsburgh, for appellant.

Annette M. Hutchinson, Assistant District Attorney, New Castle, for Com., appellee.

Before ROWLEY, WIEAND and DEL SOLE, JJ.

## OPINION OF THE COURT

ROWLEY, Judge:

This is an appeal from an Order denying appellant's Motion for Judgment of Acquittal. Appellant sought acquittal on the ground that the evidence presented at his first two trials, each of which ended in a hung jury, was insufficient. He asserts that we have jurisdiction of his appeal by virtue of Pa.R.A.P. 311(a)(5) because the denial of his motion to acquit "is tantamount to the grant of a new trial for the Commonwealth."

Appellant presents two issues for review:

1. Did the trial court err in denying his motion for judgment of acquittal?

2. Does the double jeopardy clause prohibit the Commonwealth from trying appellant a third time?

The record, as certified to us, reveals the following relevant facts. Appellant was charged with rape, burglary, robbery, involuntary deviate sexual intercourse and terroristic threats. He proceeded to a trial by jury. After 8½

hours of deliberations, the jury was unable to reach a verdict and, on March 4, 1985, a mistrial was declared. Appellant was tried a second time before a jury and on May 23, 1985, when the jury was again unable to agree, a mistrial was declared. The trial court's opinion states that both mistrials were declared for manifest necessity. Following the second mistrial, the Commonwealth made clear its intention to proceed to a third trial.

Appellant filed an Omnibus Pre-Trial Motion which alleged, in reference to the first trial only, that the trial court "acted hastily in declaring a mistrial" and that "the double jeopardy clause of the Fifth Amendment of the U.S. Constitution requires dismissal of the instant charges as a mistrial way [sic] declared without manifest necessity." The Omnibus Motion was heard by Judge Sweet. A review of Judge Sweet's order of June 17, 1985 reveals that appellant also sought to present an admittedly untimely Motion for Judgment of Acquittal. By his June 17th order Judge Sweet made two rulings relevant to the present appeal. First, he denied appellant's motion for dismissal on double jeopardy grounds. Second, he determined that because it was obvious that trial counsel "would be found inadequate" for failing to timely file a Motion for Judgment of Acquittal that appellant "be granted ten days to present a proper motion for a directed judgment of acquittal solely because of two successive hung juries."

Appellant next filed a Motion for Judgment of Acquittal, pursuant to Pa.R.Crim.P. 1124(a)(3), in which he alleged that the failure of both juries to reach a verdict demonstrated that the evidence was insufficient to support a conviction. The motion was heard and denied by Judge Caiazza on June 21, 1985. Appellant filed the present appeal from Judge Caiazza's order only.

■ Before we may consider the merits of appellant's appeal we must first determine whether it is properly before us. Although the Commonwealth does not challenge the appealability of the present order, questions of jurisdiction must be raised by the Court *sua sponte*. *Rohr v.*

*Keystone Insurance Co.*, 294 Pa.Super. 179, 439 A.2d 809 (1982). The jurisdictional question presented is whether an order denying a Motion for Judgment of Acquittal, on the ground of insufficient evidence, is the subject of an interlocutory appeal as of right under Pa.R.A.P. 311(a)(5).

The rule provides that:

(a) General rule. Except as otherwise prescribed by general rule, an appeal may be taken as of right from:

*    *    *    *    *    *

(5) New trials. An order ... in a criminal proceeding awarding a new trial where the defendant claims that the proper disposition of the matter would be an absolute discharge. . . .

The note following the rule states that sub-section (a)(5) is based on *Commonwealth v. Gabor*, 209 Pa. 201, 58 A. 278 (1904) in which the defendant appealed from an order granting a new trial. The Commonwealth sought to quash the appeal because there was no final judgment. The Supreme Court rejected this argument, stating that: "as the appellant claims to be entitled on the record to an absolute discharge, the order for another trial is so far in the nature of a final judgment that we think it best to consider and determine the appeal on its merits." *Id.*, 209 Pa. at 203, 58 A. 278. Similarly, in *Commonwealth v. Liddick*, 471 Pa. 523, 370 A.2d 729 (1977) the Supreme Court permitted defendant to appeal a post-verdict order granting a new trial but denying a motion in arrest of judgment. The Court rejected the Commonwealth's argument that defendant's appeal should be quashed as interlocutory, finding that Pa.R.A.P. 311(b) (which contained language similar to the present rule) permitted such an appeal and that "[t]o require such a defendant to stand trial again, if the already completed trial demonstrates his innocence, is a needless hardship." *Id.*, 209 Pa. at 527 n. 2, 370 A.2d at 731 n. 2 (quoting comment d to § 1.3 of the A.B.A. Standards on Criminal Appeals [Approved Draft, 1970]).

In the present case, appellant's motion to acquit seeks his absolute discharge.[1] In light of the rationale of sub-section (a)(5), as set forth in *Gabor* and *Liddick*, we see no reason to distinguish between a trial court order denying a Motion for Judgment of Acquittal and an order awarding a new trial. Both orders have the same effect: they place the defendant in a pre-trial setting. Therefore, we conclude that the appeal is properly before us.

Turning to the merits of appellant's appeal, we note that the appellant has failed to provide us with an adequate trial record to review. Even though there have been two trials in this case, the record, as certified to us, does not contain the notes of the testimony from either trial. It is the appellant's responsibility to provide a complete and comprehensive record to the reviewing court for the purposes of appeal. See: Chapter 19—Preparation and Transmission of Record and Related Matters. Pa. Rules of Appellate Procedure. Since appellant has failed to provide a complete record in this case, we cannot undertake a meaningful review of his claims. Absent such a record, there is no support for appellant's argument concerning the sufficiency of the evidence presented at his two trials. Therefore, we are unable to say that the trial court erred in denying appellant's Motion for Judgment of Acquittal.

As to appellant's second argument, we note that his notice of appeal recites that the present appeal is taken from the order of June 21, 1985 which denied his Motion for Judgment of Acquittal. At oral argument, counsel for appellant stated that the present appeal was taken only from that order and *not* from the order denying his motion

---

1. Thus the present case is distinguishable from *Commonwealth v. Laudenslager*, 260 Pa.Super. 395, 394 A.2d 985 (1978) in which the defendant's appeal from an order granting a new trial on the ground of after discovered evidence was quashed because his claim to an absolute discharge was barred by a prior, unappealed order that denied his post-trial motion for arrest of judgment.

for discharge on double jeopardy grounds. Accordingly, we need not address the double jeopardy claim.[2]

Order affirmed.

**2.** Although we express no opinion as to the merits of appellant's double jeopardy claim, we note that in *Commonwealth v. Brady*, 510 Pa. 336, 508 A.2d 286 (1986) the Supreme Court held that an appeal from the denial of a motion to dismiss on double jeopardy grounds should not be permitted where the hearing court has considered the motion and made written findings that the motion is frivolous.