548 A.2d 298

**Helen B. DAMIANO**

v.

**William DAMIANO.**

**Appeal of NERNBERG & LAFFEY, P.C.**

Superior Court of Pennsylvania.

Argued April 13, 1988.

Filed Sept. 27, 1988.

James R. Cooney, Pittsburgh, for appellant.

Frank J. Kernan, Pittsburgh, for appellee.

Before ROWLEY, DEL SOLE, and MONTGOMERY, JJ.

ROWLEY, Judge:

This appeal of Nernberg & Laffey, P.C., attorneys for plaintiff Helen Damiano (hereinafter "Wife") in the underlying support action, is from the trial court's order of August 18, 1987, denying the law firm's request for a modification of the court's order of support entered July 31, 1987. In the July 31 order, the trial court, *inter alia,* directed defendant/appellee William Damiano (hereinafter "Husband") to pay to the Department of Public Welfare (hereinafter "DPW") support arrearages of $15,789.09. In their request for modification, appellant Nernberg & Laffey, who had been retained by Helen Damiano on a contingent fee basis in her suit to recover the arrearages, asserted that they were entitled to recover their fees and costs from the arrearages. In effect, the trial court's order of August 18 denied appellant's request for counsel fees and costs.

Appellant's sole issue on appeal is whether the trial court erred in denying the firm's request for counsel fees and costs. Husband has not appealed the court's order directing him to pay the arrearages. His position in this appeal is that he does not care whom he is directed to pay, but he does not wish to be burdened with any part of the costs of the appeal. Wife has taken no part in this appeal. For the reasons set forth below, we affirm the order of the trial court.

The facts of the case, briefly summarized, are as follows: An ex parte order entered in the Allegheny County Court of Common Pleas on September 5, 1973, directed Husband to

pay $150.00 per week toward the support of Wife and their six children. Husband, who had moved to Colorado, made no payments pursuant to this order. On March 13, 1986, Wife, represented by appellant Nernberg & Laffey, moved to enter judgment on the arrearages that had resulted from Husband's failure to comply with the support order of September 5, 1973. Husband disputed Wife's claim for arrearages. Following hearings, the trial court entered an order stating, in pertinent part:

> AND NOW, July 31, 1987, it is hereby ordered that the Payor pay ... ONE HUNDRED TWENTY–FIVE Dollars ($125.00) a month ... for the support of: child plus Defendant to pay $400.00 per month on arrearages set at $15,789.09 owing the period of Sept. 5, 1973 through Feb. 1, 1978. D.P.W. Payee on arrearages.

Appellant Nernberg & Laffey moved for modification of this order, arguing that they were entitled to recover from the arrearages their contingent fee of thirty-three (33) percent, or $5,263.03, as well as $192.06 advanced as costs, for a total of $5,455.09. Appellant had acknowledged during the course of the proceedings that Wife had received public assistance from DPW from 1973 until 1980 and that DPW held a lien on Wife's home, the amount of the lien being $24,739.67 as of April 7, 1986. Appellant's motion was denied by the trial court in an order entered August 18, 1987, and this timely appeal from that order followed.

In an opinion dated November 5, 1987, the trial court offered three reasons in support of its denial of appellant's request for counsel fees. First, "the arrearages were not Wife's to assign" (Trial Court Opinion at 2), but were instead owed to DPW pursuant to 62 P.S. § 1975, which provides that "[w]henever any person shall become a public charge or receive public assistance, the public body or public agency caring for or furnishing such assistance may sue for and recover any sum of money due such person...." Second, the "common fund doctrine" on which appellant relies is not applicable in the present case, inasmuch as the fund from which appellant seeks payment was

created not by appellant's efforts but by statutory provisions requiring Husband to reimburse DPW. Finally, "there simply is no authority for the collection of welfare arrearages by private attorneys who would assess their fees against the Commonwealth" (Trial Court Opinion at 5b).

Appellant does not dispute DPW's entitlement to some portion of the arrearages to be paid by Husband. The gravamen of appellant's argument on appeal is that "[DPW's] claim is *subordinate* to the charging lien of the attorney(s) responsible for creating the fund from which payment will come" (Brief for Appellant at 7; emphasis added). 62 P.S. § 1975 is not self-executing, appellant argues, for the plain language of the statute provides only that a public agency "may *sue for* and recover any sum of money due" a person to whom the agency has furnished assistance. In the present case, DPW has not sued to recover the support arrearages owed by Husband. In fact, appellant asserts, DPW has been informed of the pendency of this appeal but has failed to take any action whatsoever. "Where, despite a clear right to proceed in its own right ... the Commonwealth refrains from acting and it is the attorney for the welfare recipient who creates the fund from which the Commonwealth will benefit ... equity requires that the Commonwealth share in the cost of creating the fund." *Shearer v. Moore*, 277 Pa.Super. 70, 76, 419 A.2d 665, 668 (1980). According to appellant, where, as here, there is a fund available for distribution, counsel's services contributed to the creation of the fund, and the client had agreed that counsel should be paid from the fund, counsel's "charging lien" should be recognized.

We cannot agree. It is settled law that we may affirm the decision of the trial court on grounds other than those relied upon by the court itself, *Daniel Adams Associates v. Rimbach Publishing, Inc.*, 360 Pa.Super. 72, 85 n. 3, 519 A.2d 997, 1003 n. 3 (1987), and we do so in the present case. First, we direct appellant's attention to Ethical Consideration 2–20 of the Code of Professional Responsibility,

adopted February 27, 1974, as amended through April 26, 1984, which was in effect when the present action was initiated. EC 2–20 advises attorneys that "contingent fee arrangements in domestic relation cases are rarely justified." Compare Rule of Professional Conduct 1.5(d)(1), adopted October 16, 1987, effective April 1, 1988 ("[a] lawyer shall not enter into an arrangement for, charge, or collect ... any fee in a domestic relations matter, the payment or amount of which is contingent upon ... the amount of alimony or support ..."). We note also that appellant could have sought to recover fees and costs from Husband pursuant to 23 Pa.C.S.A. § 4351.[1]

Second, there is nothing in the record that has been certified to this Court to confirm appellant's assertion that DPW has been notified of this appeal. In particular, the certificate of service attached to appellant's notice of appeal indicates that only Husband's counsel and the trial court were served. Moreover, there is nothing in the certified record to indicate that DPW was ever notified of the proceedings in the trial court. We may consider only the facts that appear in the official record, *Commonwealth v. Young*, 456 Pa. 102, 115, 317 A.2d 258, 264 (1974), and the responsibility for providing a record that is comprehensive and complete rests with appellant, *Commonwealth v. Williams*, 357 Pa.Super. 462, 466, 516 A.2d 352, 354 (1986). Absent affirmative evidence that DPW has been informed of but has declined to participate in this appeal, we cannot assume that DPW is uninterested in its outcome, nor can we assume that DPW would be unable to offer meritorious arguments on the issue now before us.

Finally, we acknowledge that a "charging lien" will be imposed where the fund from which an attorney is to

1. a) General rule.—When it appears to the court that either party or both parties are financially able to pay costs and fees, the court may impose the costs and fees on either party or both parties.

(b) Lack of good cause for failure to pay on time.—If the court determines that the person subject to a child support order did not have good cause for failing to make child support payments on time, it may further assess costs and reasonable attorney fees incurred by the party seeking to enforce the order.

recover his or her fee would otherwise be depleted by creditors with prior claims, leaving the attorney unpaid and unable to recover against the client. *Johnson v. Stein*, 254 Pa.Super. 41, 45, 385 A.2d 514, 516 (1978). However, before a court will recognize and apply a charging lien on behalf of an attorney, it must appear, *inter alia*, that equitable considerations necessitate the recognition and application of such a lien. *Id.*, 254 Pa.Superior Ct. at 43–44, 385 A.2d at 515–16 (quoting *Recht v. Clairton Urban Redevelopment Authority*, 402 Pa. 599, 608, 168 A.2d 134, 138–39 (1961)). "Where considerations of protecting the attorney do not necessitate imposition of a lien, the court will not impose one." *Id.*, 254 Pa.Superior Ct. at 45, 385 A.2d at 516. In the present case, equitable considerations argued *against* appellant's acceptance of a contingent fee arrangement whereby appellant would seek reimbursement, not from Husband, whose failure to comply with a support order necessitated Wife's lawsuit, but from the support arrearages that appellant knew or should have known were likely to be awarded to DPW. Therefore, we affirm the trial court's order denying appellant's request for counsel fees.

Order affirmed.