578 A.2d 964

**COMMONWEALTH of Pennsylvania**

v.

**Frederick M. TIPTON, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted May 29, 1990.

Filed Aug. 10, 1990.

Charles R. Gority, Asst. Public Defender, Altoona, for appellant.

David Gorman, Asst. Dist. Atty., Hollidaysburg, for Com.

Before OLSZEWSKI, CERCONE and BROSKY, JJ.

BROSKY, Judge.

This is an appeal from a judgment of sentence imposed upon appellant after he pled guilty to charges of aggravated assault, involuntary manslaughter and recklessly endangering another person.

Appellant raises the following issues, whether the sentence was excessive, whether the court committed error in equating homicide by vehicle while intoxicated with involuntary manslaughter and recklessly endangering, whether the restitution ordered was vague and outside appellant's ability to pay, and whether reckless endangerment merged with involuntary manslaughter. We affirm the judgment of sentence with exception to the sentence on the reckless endangerment count, which we vacate.

Appellant pled guilty to charges arising out of an incident where he came home intoxicated late one night and prodded his sleeping girlfriend with a rifle which discharged resulting in her death. Appellant was sentenced to two-and-one-half to five years imprisonment on the involuntary manslaughter charge, and one to two years on the recklessly

endangering charge. He was also sentenced to 18 to 36 months on a charge of unauthorized use of a motor vehicle which occurred after he had been arrested on the manslaughter and related charges. All sentences were ordered consecutive to each other.

■ Upon initial review of appellant's challenges to the discretionary aspects of sentencing, we find that appellant's statement of reasons relied upon for allowance of appeal does not set forth a showing that the sentence of imprisonment imposed was inconsistent with, or otherwise compromises, the purposes of the sentencing code. As such, under the dictates of *Commonwealth v. Krum*, 367 Pa.Super. 511, 533 A.2d 134 (1987), and *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), we decline review of that aspect of the sentence.

Appellant's challenge to the order of restitution is found waived for a failure to object post-sentencing.[1]

Appellant also contends that it was error for the court to equate the criminal act here with that of a homicide by vehicle while intoxicated. We have reviewed the sentencing transcript and found nothing impermissible within it. The court did make an allusion to homicide by vehicle. However, there is no indication that the court was equating the two. Rather he spoke by way of comparison and fully supported the sentence handed down with reasoning that is certainly within the bounds of sentencing discretion. Thus, we find no error in this regard.

■ Appellant's final contention asserts that the crimes of recklessly endangering and involuntary manslaughter should have merged for sentencing purposes. We agree.

---

**1.** We note that there is reference to the filing of a petition for reconsideration/modification. In fact, the sentencing court did modify the sentence on the unauthorized use charge in apparent response to this petition. Yet no such document can be found in the record as transmitted to this court. Indeed, the docket statement itself fails to indicate that such a document was filed. Further, there is no indication that the petition allegedly filed contained an objection to the order of restitution. Consequently, we have no choice but to find this challenge waived.

The crime of reckless endangerment is defined at 18 Pa.C.S. § 2705 as: "a person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." Obviously, the elements of the offense are (1) engaging in reckless conduct that (2) places another person in danger of death or serious bodily injury. Involuntary manslaughter is defined at 18 Pa.C.S. § 2504 as: "A person is guilty of involuntary manslaughter when as a direct result of the doing of an unlawful act in a reckless or grossly negligent manner, or the doing of a lawful act in a reckless or grossly negligent manner, he causes the death of another person. When the language of this section is reduced to a minimum, the elements of this offense are (1) the engaging in an action in a reckless or grossly negligent fashion which (2) causes the death of another person. The analysis of a merger issue has been clouded in recent times by decisional changes in the law. Despite recent decisions purportedly handed down in an effort to simplify the question, it remains a challenging endeavor to determine whether, for sentencing purposes, one offense is merged into another allowing the imposition of but one sentence. However, we conclude that merger is, indeed, proper in the present case.

Early in 1989 our Supreme Court decided two cases in which the merger inquiry was redefined. In *Commonwealth v. Williams*, 521 Pa. 556, 559 A.2d 25 (1989), our Supreme Court abandoned the previously accepted approach to merger analysis and indicated that *"except for lesser included offenses,* the doctrine of merger based on whether the Commonwealth has an interest in prosecuting a criminal defendant for more than one crime is hereby abrogated and abolished." Id., 559 A.2d at 29. (Emphasis in original). Ostensibly then, the two or more crimes in question must include at least one which is a lesser included offense of another prior to a finding of a merger for sentencing purposes. The exact impact this case has on the determination of what constitutes a lesser included offense, in itself

an endeavor of a mystifying nature, is still less than clear. The companion case to *Williams, Commonwealth v. Weakland,* 521 Pa. 353, 555 A.2d 1228 (1989), contained the following language: "In *Leon Williams* we held that where the same facts are used to support convictions for crimes having different elements, the crimes do not merge for sentencing purposes, unless the same facts support convictions of lesser included offenses." Applying this rule to the present case we conclude that the facts necessary to prove the involuntary manslaughter are also those relied upon to establish the crime of reckless endangerment. We further find that reckless endangerment is a lesser included offense of involuntary manslaughter, thus, the crimes must merge.

As analyzed above, in order for the Commonwealth to prove involuntary manslaughter it was necessary to show reckless or grossly negligent conduct which caused the death of the victim. This was accomplished by establishing appellant's conduct of recklessly discharging the rifle into the victim's body which caused her death. However, these very same facts also support the reckless endangerment charge. With regard to this charge, reckless conduct is established by the act of pointing a weapon in the victim's direction and the element of placing the victim in danger of death or serious bodily injury is amply demonstrated by the fact that the victim, indeed, lost her life as a result of the conduct engaged in. However, our merger inquiry does not end here, under *Williams* it is further necessary to establish that reckless endangerment is a lesser included offense of involuntary manslaughter. We would conclude that to be the case.

There have been many recitations of what constitutes a lesser included offense. However, when the rhetoric is reduced to a minimum it can be concluded that a lesser included offense is one which will necessarily be established by proof of the greater offense; not simply in the factual context of a given case, but also in an abstract application as well. Thus, in its stricter form of interpretation, a lesser included offense will always, in every case, be established

when the greater offense is established. This results, essentially, due to a relative identity of elements of the two or more offenses being compared. *Commonwealth v. Mitchell*, 319 Pa.Super. 170, 465 A.2d 1284 (1983). When the elements of reckless endangerment and involuntary manslaughter are compared there is an obvious identity of the essential elements. Indeed, every case of involuntary manslaughter, it would seem, would necessarily establish a case of reckless endangerment due to the relative identity of elements. As such, there can be no doubt that reckless endangerment is a lesser included offense of involuntary manslaughter.[2]

The element of doing an act in a reckless or grossly negligent manner, essential to involuntary manslaughter, would seem to necessarily establish the element of engaging in reckless conduct, necessary for reckless endangerment, and the element of causing the death of another would clearly satisfy the element of placing one in danger of serious bodily injury or death. As such, involuntary manslaughter "necessarily involves" the crime of reckless endangerment. Thus, although clearly not every case where a reckless endangerment has been committed will there also be an involuntary manslaughter, a finding of involuntary manslaughter would appear to support a reckless endangerment charge. Reckless endangerment is, essentially, a stop along the way to involuntary manslaughter and it would seem impossible to commit the offense of involuntary manslaughter without also committing the offense of reckless endangerment. Indeed, it could be stated with reasonable certitude, that the death of the victim, which would support the involuntary manslaughter, is at least one of the results hoped to be prevented by making

---

**2.** In *Commonwealth v. Griffin*, 310 Pa.Super. 39, 456 A.2d 171 (1983), we concluded that reckless endangerment was a lesser included offense of attempted murder, and our Supreme Court concluded that reckless endangerment was a lesser included offense of murder in *Commonwealth v. Musselman*, 483 Pa. 245, 396 A.2d 625 (1979). We would think that these holdings strengthen our own here, since, unlike murder, involuntary manslaughter focuses on reckless conduct as, of course, does reckless endangerment.

reckless endangerment an offense in the first instance. Thus, merger is appropriate.

We are unconvinced that our decision regarding merger would be changed by the Commonwealth's argument that there were other small children in the same room as the victim, thus making them victims of reckless endangerment as well. The information charging appellant makes no mention whatever of the individuals now claimed by the Commonwealth to be victims of reckless endangerment. Indeed, the only mention of reckless endangerment in the information explicitly states the decedent was the victim of the reckless endangerment.[3] Thus, after our finding as to the merger issue, there is no factual basis upon which the charges could rest. To uphold the sentence on this argument advanced by the Commonwealth would be tantamount to finding appellant guilty to charges to which he did not plead guilty to. Appellant can be deemed to have pled guilty to, and thereby acknowledged the factual basis for, only those charges and those facts contained in the information. Consequently, the Commonwealth's position must be deemed meritless.

Judgment of sentence vacated as to the charge of reckless endangerment, affirmed in all other regards. Jurisdiction relinquished.

---

3. It is not even immediately apparent from the record that the children were in the room with the victim as now claimed by the Commonwealth. A copy of the presentence investigation, under the heading "official version", indicates that the children were in another room at the time of the incident and the information itself is silent on this matter.