597 A.2d 1169

**COMMONWEALTH of Pennsylvania,**

**v.**

**John W. BIRD, Sr., Appellant.**

Superior Court of Pennsylvania.

Submitted July 22, 1991.

Filed Oct. 2, 1991.

212

Gerald P. Deady, Wilkes–Barre, for appellant.

Scott W. Naus, Dist. Atty., Bloomsburg, for the Com., appellee.

Before ROWLEY, President Judge, and BECK and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Columbia County after appellant was found guilty of involuntary manslaughter [1], recklessly endangering another person [2] and endangering the welfare of children [3]. Appellant contends that the trial court erred in (1) instructing the jury that the prior inconsistent statements of two Commonwealth witnesses could only be used for impeachment purposes and not as substantive evidence, (2) denying one of his points of charge to the jury, (3) excluding the testimony of defense witness, Linda Page, and (4) ruling that for sentencing purposes, the crimes of involuntary manslaughter and endangering the welfare of children do not merge. For the following reasons, we find merit in appellant's fourth contention, and accordingly, we vacate the judgment of sentence and remand for resentencing.

1. 18 Pa.C.S.A. § 2504(a).
2. 18 Pa.C.S.A. § 2705.
3. 18 Pa.C.S.A. § 4304.

On October 26, 1988, appellant was arrested and charged with criminal homicide, murder of the third degree, recklessly endangering another person, endangering the welfare of children and criminal conspiracy. The charges arose from the starvation death of appellant's three-year-old sister, Beatrice Bird, who was in the custody of appellant. After a jury trial, appellant was found guilty of involuntary manslaughter, recklessly endangering another person, and endangering the welfare of children. Post-trial motions were filed and denied. Appellant was then sentenced to two-and-one-half-to-five years imprisonment for involuntary manslaughter and one-to-two years imprisonment for endangering the welfare of children, the terms to run consecutively.[4] A motion to modify sentence was filed and denied. Appellant then made timely appeal to this court.

Appellant's first contention is that the trial court erred in instructing the jury that the prior inconsistent statements of two Commonwealth witnesses could only be used for impeachment purposes and not as substantive evidence. We agree. However, we conclude that the error was constitutionally harmless.

In *Commonwealth v. Brady*, 510 Pa. 123, 507 A.2d 66 (1986), our Supreme Court held that otherwise admissible prior inconsistent statements of a declarant who is a witness in a judicial proceeding and who is available for cross-examination may be used as substantive evidence of the truth of the matter asserted therein. In *Commonwealth v. Blount*, 387 Pa.Super. 603, 564 A.2d 952 (1989), this Court held that *Brady* did not mandate a specific jury instruction that prior inconsistent statements could be used both for impeachment purposes and as substantive evidence—instead, it was enough that the trial court did not instruct the jury that the statements could *only* be considered for impeachment purposes. Here, unlike *Blount,* the trial court instructed the jury that the witnesses' prior

4. For sentencing purposes, the trial court merged appellant's conviction for recklessly endangering another person with his conviction for involuntary manslaughter.

inconsistent statements could *only* be used to judge their credibility and not as substantive evidence of truth of the matter asserted therein. This instruction clearly violates *Brady*, and thus, we conclude that the lower court erred in refusing to give the instruction appellant requested.[5]

The next question we must determine is whether this error is constitutionally harmless. In *Blount*, we opined, albeit in dicta, that even if a trial court errs by instructing the jury to consider a prior inconsistent statement only for impeachment purposes, the error can be harmless. *Id.*, 387 Pa.Superior Ct. at 613, 564 A.2d at 957. For this proposition, we cited to *Commonwealth v. McMillan*, 376 Pa.Super. 25, 39, 545 A.2d 301 (1988), in which the trial court had specifically instructed the jury to consider prior inconsistent statements for credibility purposes only. Despite the error in the instruction, the panel in *McMillan* stated that the instruction did not prejudice the defendant because the witness admitted making the prior inconsistent statement, he explained that he made the statement because he feared the defendant, and the fact that the prior inconsistent statement was made was uncontested. *Id.* 376 Pa.Super. at 39, 545 A.2d at 308. Thus, the issue properly posed for the jury was whether the witness's in-court explanation for the statement was credible, and not whether the out-of-court statement had been made. *See also Commonwealth v. Gibson*, 389 Pa.Super. 518, 567 A.2d 724 (1989); *Commonwealth v. Willis*, 380 Pa.Super. 555, 552 A.2d 682 (1988).

Here, two of the other children who had resided with appellant testified in court that appellant on numerous occasions refused to give or permit others to give food to his sister. Appellant then introduced into evidence the prior inconsistent statements of the children—specifically that the children had told state police officers and Children and Youth Service (CYS) caseworkers that appellant adequately

---

5. The trial court determined that appellant was not entitled to this instruction because appellant purportedly proffered the evidence only for impeachment purposes. We are satisfied that appellant preserved the *Brady* issue by making his timely request for the jury instruction.

fed his sister and that he did not abuse any of the children. The children admitted their inconsistent statements and explained that they had lied to the investigators because they feared appellant. Thus, as in *Blount* and *McMillan,* the children admitted and explained their prior inconsistent statements. Furthermore, the fact that such statements were made was not in dispute. Therefore, the issue for the jury was whether the witnesses' in-court explanation was credible. The trial court adequately instructed the jury as to this issue. In light of the facts, *Blount* and *McMillan* are controlling, and we hold that appellant was not prejudiced by the erroneous instruction to the jury, and therefore, the error was harmless. *See Commonwealth v. Story,* 476 Pa. 391, 383 A.2d 155 (1978). We accordingly affirm.

■ Appellant's second contention is that, because Commonwealth experts, Dr. Anthony Pileggi and Dr. Steven Ludwig, espoused contradictory conclusions as to the cause of Beatrice Bird's death, the trial court should have instructed the jury that he was entitled to the conclusion most favorable to him. Appellant, however, has failed to provide this court with Dr. Pileggi's testimony. As a result, the record only reveals one conclusion as to the victim's cause of death. Thus, we cannot review appellant's contention. *Commonwealth v. Williams,* 357 Pa.Super. 462, 466, 516 A.2d 352, 354 (1986) ("It is the appellant's responsibility to provide a complete and comprehensive record to the reviewing court for the purpose of appeal. *See* Chapter 19— Preparation and Transmission of Record and Related Matters. Pa. Rules of Appellate Procedure.") *See Damiano v. Damiano,* 378 Pa.Super. 106, 110, 548 A.2d 298, 300 (1988) ("We may consider only the facts that appear on the official record, and the responsibility for providing a record that is comprehensive and complete rests with the appellant.") (citing *Commonwealth v. Williams,* 357 Pa.Super. 462, and *Commonwealth v. Young,* 456 Pa. 102, 115, 317 A.2d 258, 264 (1974)).

 Appellant's third contention is that the trial court erred in excluding the expert testimony of defense witness, Linda Page, an employee of CYS. Appellant submits that Ms. Page would have testified as to the findings of the Multidisciplinary Team of CYS that Beatrice Bird was not abused. However, appellant has failed to include within the record, the findings of the Multidisciplinary Team, or the time frame upon which these findings are based. Furthermore, appellant did not include within the record the qualifications of Ms. Page. As a result, we cannot determine the relevancy of the findings or of Ms. Page's testimony nor can we judge Ms. Page's qualifications as an expert. Thus, once again, appellant has failed to provide us with a sufficient record and therefore, we are prohibited from reviewing appellant's contention.

Appellant's fourth and final contention is that the trial court erred in not merging the crimes of involuntary manslaughter and endangering the welfare of children when sentencing the appellant. We are constrained to agree.

 The doctrine of merger is abolished in Pennsylvania except in regard to lesser included offenses.[6] *Commonwealth v. Leon Williams*, 521 Pa. 556, 559 A.2d 25 (1989). Thus, the question we must determine is whether the crime of endangering the welfare of children is a lesser included offense of involuntary manslaughter.[7] Our holding in

6. The Commonwealth cites to *Commonwealth v. Burkhardt*, 526 Pa. 341, 586 A.2d 375, 377 (1991), in which the lead opinion stated that "in the context of simultaneous verdicts, the trial court may sentence separately for each distinct statutory crime of which the defendant is convicted, limited only by express legislative intent to the contrary." *Id.* The lead opinion in *Burkhardt*, however, was joined by only one justice. Two other justices concurred in the result. The concurring opinion garnered three votes, and it reaffirmed that for sentencing purposes, the doctrine of merger is abolished except in regard to lesser included offenses. Thus, the holding in *Williams* is still controlling in this Commonwealth.

7. Section 2504(a) of the Crimes Code, 18 Pa.C.S.A., defines the crime of involuntary manslaughter as follows:

A person is guilty of involuntary manslaughter when as a direct result of the doing of an unlawful act in a reckless or grossly

*Commonwealth v. Barnhart,* 345 Pa.Super. 10, 497 A.2d 616 (1985) answered this in the affirmative.

In *Barnhart,* we analogized the crime of endangering the welfare of children to the felony element of felony-murder, which our Supreme Court in *Commonwealth v. Tarver,* 493 Pa. 320, 426 A.2d 569 (1981), determined to be a lesser included offense of felony-murder. We concluded that under this analogy, the same facts are relevant to prove both endangering the welfare of children and involuntary manslaughter and therefore held that endangering the welfare of children was a lesser included offense of involuntary manslaughter.

As a result of our holding in *Barnhart,* endangering the welfare of children and involuntary manslaughter would necessarily merge for sentencing purposes.[8] Because the trial court did not merge them, we must vacate the judgment of sentence and remand for resentencing.

Judgment of sentence vacated, remand for resentencing. Jurisdiction relinquished.

BECK, J. concurs in the result.

> negligent manner, or the doing of a lawful act in a reckless or grossly negligent manner, he causes the death of another person. *Id.* Section 4304 of the Crimes Code, 18 Pa.C.S.A., defines the crime of endangering the welfare of children as follows:
> A parent, guardian, or other person supervising the welfare of a child under 18 years of age commits a misdemeanor of the second degree if he knowingly endangers the welfare of the child by violating a duty of care, protection or support.
> *Id.*

8. The trial court, in denying appellant's request to merge the two crimes, cited to *Commonwealth v. Tipton,* 396 Pa.Super. 402, 578 A.2d 964 (1990). In *Tipton,* the panel held that the crimes of involuntary manslaughter and recklessly endangering another merge for sentencing purposes. *Tipton,* however, employed a different analysis than that utilized by *Barnhart.* The panel reviewed the individual elements of each crime and determined that recklessly endangering another was a lesser included offense of involuntary manslaughter because it was comprised of all of the elements that are included in involuntary manslaughter. Here, the trial court noted that endangering the welfare of children requires the element of specific intent which involuntary manslaughter does not. We note that, even if the approach in *Tipton* would lead to a different result, we are bound by *Barnhart.*