COMMONWEALTH of Pennsylvania,
Appellee,

v.

Luz Zeneida MARTIR, Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 9, 1998.

Filed May 13, 1998.

Charles D. Younger, Assistant Public Defender, Reading, for appellant.

Rebecca L. Bell, Assistant District Attorney, Reading, for Com., appellee.

Before CAVANAUGH, POPOVICH, and BECK, JJ.

POPOVICH, Judge:

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Berks County, following appellant's conviction on charges of recklessly endangering another person, 18 Pa.C.S.A. § 2705, and endangering the welfare of children, 18 Pa. C.S.A. § 4304. Herein, appellant asserts that the lower court erred when it determined that her sentence for endangering the welfare of children did not merge into her sentence for reckless endangerment. Upon review, we affirm.

Herein, appellant was caring for a twenty-two month old child. The child sustained second and third degree burns. The burns occurred when she threw hot water out the door of the residence, and the water struck the child. Appellant then took the child to immerse him in cold water, but turned-on the wrong faucet and actually immersed the child in scalding hot water.

█ The question of whether convictions merge for the purposes of sentencing is a challenge to the legality of the sentence imposed by the lower court, and discretionary review is not appropriate. *Commonwealth v. Rodriquez*, 449 Pa.Super. 319, 673 A.2d 962, 967 (1996). In *Commonwealth v. Silay*, 694 A.2d 1109, 1110 (Pa.Super.1997), we summarized the merger doctrine as follows:

> [T]he test for determining whether crimes merge for sentencing purposes was clarified by our supreme court in *Commonwealth v. Anderson*, 538 Pa. 574, 650 A.2d 20 (1994). There, the court held "that in all criminal cases, the same facts may support multiple convictions and separate sentences for each conviction except in cases where the offenses are greater and lesser included offenses." *Commonwealth v. Dobbs*, 452 Pa.Super. 488, 682 A.2d 388, 390 (1996) (quoting *Anderson*, 650 A.2d at 23 (citations omitted)). "The operative inquiry is whether the crimes involved are greater and lesser included offenses, i.e., whether the elements of the lesser included offense are necessary subcomponents but not a sufficient component of elements of another crime." *Anderson*, 650 A.2d at 23 (citation omitted).

█ Thus, as stated in *Anderson*, 650 A.2d at 24: "Our inquiry, . . . is whether the elements of the lesser crime are all included within the elements of the greater crime, and the greater offense includes at least one additional element which is different, in which case the sentences merge, or whether both crimes require proof of at least one element which the other does not, in which case the sentences do not merge."

█ Appellant was convicted of recklessly endangering another person pursuant to 18 Pa.C.S.A. § 2705, which provides: "A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." The *mens rea* required for this crime is a conscious disregard of a known risk of death or great bodily harm to another person. *Commonwealth v. Cottam*, 420 Pa.Super. 311, 616 A.2d 988, 1005 (1992), *appeal denied*, 535 Pa. 673, 636 A.2d 632 (1993).

█ Appellant was also convicted of endangering the welfare of children pursuant to 18 Pa.C.S.A. § 4304, which provides: "A parent, guardian or other person supervising the welfare of a child under 18 years of age commits a misdemeanor of the second degree if he knowingly endangers the welfare of the child by violating a duty of care, protection or support." The *mens rea* required for this crime is a knowing violation of the accused's duty of care to the minor-victim. *Cottam*, 616 A.2d at 1005. More precisely, the Commonwealth must prove that: 1) the accused

is aware of his or her duty to protect the child; 2) the accused is aware that the child is in circumstances that could threaten the child's physical or psychological welfare; and 3) the accused has either failed to act or has taken action so lame or meager that such actions cannot reasonably be expected to protect the child's welfare. *Commonwealth v. Pahel,* 456 Pa.Super. 159, 689 A.2d 963, 964 (1997), citing *Commonwealth v. Cardwell,* 357 Pa.Super. 38, 515 A.2d 311, 315 (1986).

As this court noted in *Commonwealth v. Tipton,* 396 Pa.Super. 402, 578 A.2d 964, 965–966 (1990), it remains a "challenging endeavor" to determine whether merger is proper, and, despite recent case law, the question of whether one crime is a lesser include offense of another remains "an endeavor of a mystifying nature." Such is the present case. However, upon review, we agree with the lower court that reckless endangerment and endangering the welfare of children do not have a greater-lesser-included offense relationship.

Appellant's argument must fail because every element of endangering the welfare of children is not subsumed in the elements of reckless endangerment. First, and most importantly, a conviction for endangering the welfare of children requires proof that the accused acted "knowingly," i.e., that the accused not only knew that he has a duty to protect the child but also knew that the child was placed in circumstances that could threaten the child's welfare. A conviction for reckless endangerment obviously · requires proof that the accused acted *only* recklessly. Thus, a person could never be convicted of endangering the welfare of a child based upon reckless conduct alone. Accordingly, the question of "whether the elements of the lesser crime are all included within the elements of the greater crime" is answered in the negative. *See Anderson,* 650 A.2d at 24 (test of whether an offense is a lesser-included offense of another). In other words, knowing behavior is not a "necessary subcomponent" of reckless behavior, and merger is not mandated. *See Anderson,* 650 A.2d at 23.

Second, a conviction for endangering the welfare of a child requires proof that "the

accused is aware of his or her duty to protect the child." *Pahel,* 689 A.2d at 964. Reckless endangerment does not require the Commonwealth to prove that the accused has any special duty to protect his victim from harm. Once again, a conviction for the crime of endangering the welfare of a child requires proof of an element, which is not subsumed within any element of reckless endangerment. *See Anderson,* 650 A.2d at 23–24, quoting, with approval, *Williams v. State,* 323 Md. 312, 593 A.2d 671 (1991) (in determining whether one offense is a lesser-included offense of another, we consider the required evidence that is "minimally necessary" to secure a conviction for each offense; if each offense requires proof of a fact which the other does not, based upon the minimal required evidence, then the offenses do not merge).

Third, endangering the welfare of a child requires proof that the victim is "a child under the age of 18 years of age." 18 Pa. C.S.A. § 4304. Reckless endangerment does not require proof of the victim's age. *Cf. Commonwealth v. Frank,* 433 Pa.Super. 246, 640 A.2d 904, 908 (1994), *appeal denied,* 538 Pa. 665, 649 A.2d 668 (1994) (under the particular circumstances of this case, rape, 18 Pa.C.S.A. § 3121, and involuntary deviate sexual intercourse, 18 P.C.S.A. § 3123(5), do not merge; involuntary deviate sexual intercourse, as charged, required proof of a fact which rape did not, i.e., that the victim was under sixteen years of age).

Appellant submits that the *mens rea* of knowingly encompasses the lesser *mens rea* of recklessness, and, therefore, her crimes should merge. While we agree with the general proposition that a lesser *mens rea* is subsumed in a greater *mens rea, see* 18 Pa.C.S.A. § 302(e), appellant's argument ignores the fact that she claims endangering the welfare of children is the lesser-included offense, and that offense requires the greater *mens rea.*

Even if we were to consider endangering the welfare of children as the greater-included offense, it is obvious that the crimes do not merge. A conviction for reckless endangerment requires proof of conduct that

places or may place another person in danger of death or serious bodily injury, while a conviction for endangering the welfare of children only requires proof of circumstances that could threaten the child's physical or psychological welfare. Thus, reckless endangerment requires proof of a fact that endangering the welfare of children does not. In other words, the element of conduct which places or may place a person in danger of death or serious bodily injury is not subsumed within proof that a child is placed in circumstance that could threaten the child. Thus, reckless endangerment is not a lesser-included offense of endangering the welfare of children, and the crimes do not merge.[1]

In sum, we find that the lower court did not err when it refused to merge appellant's conviction for endangering the welfare of children into his conviction for reckless endangerment for the purposes of sentencing.

Judgment of sentence affirmed.

BECK, J., files a Concurring Opinion.

BECK, Judge, concurring:

Like the majority I conclude that Endangering the Welfare of Children, 18 Pa.C.S.A. § 4304, and Recklessly Endangering Another Person, 18 Pa.C.S.A. § 2705, do not merge. As the trial court noted the two crimes do not have a greater lesser-included offense relationship. I write to emphasize that the majority's analysis clearly demonstrates that one crime is not the lesser included offense of the other and therefore the sentences do not merge.

As Judge Ludgate so perceptively stated:

[T]he elements necessary to establish endangering the welfare of a child are distinct from those required for recklessly endangering another person.... Only the actions, and not the omission of action, by the accused in recklessly placing another in known risk of death or great bodily harm can establish the crime of recklessly endangering another person.

The distinctions between the elements of endangering the welfare of a child and recklessly endangering another person are further accentuated by the fact that the two crimes protect distinct societal interests, and are located in different sections of the crimes code.[1] These factors are further indicia that the two crimes do not merge for the purpose of sentencing. See Commonwealth v. White, [341 Pa.Super. 261], 491 A.2d 252 (1985)(crimes of rape and incest do not merge because they have different elements that do not necessarily involve the other, are contained in different sections of the crimes code, and protect different social interests). For all of these reasons, the crimes of recklessly endangering another person and endangering the welfare of a child do not merge for the purposes of sentencing.

---

1. Recklessly endangering another person is contained within "Article B: Offenses Involving Danger to the Person", while endangering the

---

1. Appellant also argues that endangering the welfare of children must be a lesser-included offense of reckless endangerment because endangering the welfare of children is a lesser-included offense of involuntary manslaughter and involuntary manslaughter and reckless endangerment are identical offenses, except for the death of the victim.

While it is true that endangering the welfare of a child is a lesser-included offense of involuntary manslaughter, *Commonwealth v. Bird,* 409 Pa.Super. 211, 597 A.2d 1169, 1172 (1991), citing *Commonwealth v. Barnhart,* 345 Pa.Super. 10, 497 A.2d 616, 630 (1985), and reckless endangerment is also a lesser-include offense of involuntary manslaughter, *Tipton,* 578 A.2d at 966–67, it does not necessarily follow that endangering the welfare of children is a lesser-include offense of reckless endangerment. In fact, appellant's specious argument is quickly dismissed by a review of the elements of involuntary manslaughter.

"A person is guilty of involuntary manslaughter when as a direct result of the doing of an unlawful act in reckless or grossly negligent manner, or the doing of a lawful act in a reckless or grossly negligent manner, he causes the death of another person." 18 Pa.C.S.A. § 2504(a). As made clear in *Barnhart,* 497 A.2d at 630, proof of the underlying "unlawful act" of endangering the welfare of children is necessary to sustain a conviction for involuntary manslaughter. Thus, all the elements of endangering the welfare of children are subsumed in the "unlawful act" element of involuntary manslaughter, and the convictions merge for the purposes of sentencing. *Barnhart,* 497 A.2d at 630. Reckless endangerment has no similar element that requires proof of an underlying "unlawful act," and, therefore, appellant's argument fails.

welfare of a child is contained within "Article D: Offenses Against the Family."