396 A.2d 776

**COMMONWEALTH of Pennsylvania**

v.

**James ERVIN, Appellant.**

Superior Court of Pennsylvania.

Submitted March 31, 1978.

Decided Dec. 29, 1978.

John W. Packel, Assistant Public Defender, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Com., appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PER CURIAM:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Philadelphia County, Criminal-Trial Division, by the defendant-appellant, James Ervin, after conviction by a jury on charges of robbery and aggravated assault; and from the denial of post-trial motions alleging the improper restriction of appellant's right to cross

examine. The defendant was convicted by a jury on October 27, 1976 and sentenced to concurrent terms of two to five years and seven to fifteen years on the two counts. A consecutive sentence of one to two years was imposed on his conviction for conspiracy.

On July 14, 1976 at 10:00 P.M. the victim, an employee of the Philadelphia Housing Authority, was approached by two black males, one of whom was the defendant. At trial the victim, Sheldon Sharpe, testified that the defendant asked him for change for a quarter, that he gave the defendant the change, and that the defendant then asked him for the time. When Sharpe held up his watch to show the defendant the time, the defendant grabbed the clasp of the watch, spinning him around and as Sharpe was turning the defendant struck him in the face, knocking him down. Sharpe had been struck in the face in the area near his eye and as a result of the blow suffered blurred vision for several days and had a puffed eye for about a week. At the trial three other witnesses testified. Two police officers witnessed the incident and testified at trial for the Commonwealth although they did not hear the interchange of words between Sharpe and the defendant. The third witness testified for the defense.

During the cross-examination of Sharpe the defendant's counsel, attempting to show bias towards the defendant on the part of Sharpe, as a motive for Sharpe's testimony, asked him whether Sharpe had "ever had any words with this man [the defendant] before this incident?" The prosecution entered an objection to this question which was sustained by the trial court. During the cross-examination of one of the other prosecution witnesses the defendant's counsel asked the witness whether there was any "bad blood" between him and the defendant. An objection to this question was likewise sustained. The same witness was then asked whether he had ever seen Sharpe and the defendant arguing. An objection to this question was also sustained.

Defendant now complains that his right to cross-examine witnesses was denied to him as a result of the trial court's rulings on the objections made to the aforesaid questions. He argues that this is especially so in light of the fact that the trial judge, in his charge to the jury, stated as follows: "Did you hear any testimony here of any grudge between the Commonwealth witness and this defendant? Did you hear any testimony like that?" At another point in the charge, the court stated to the jury as follows: "Now, did you hear any testimony to that effect that these men, these Commonwealth witnesses, had a motive, an ulterior motive to do something to this defendant?"

Cross-examination is ordinarily limited to matters brought out on direct examination. However, it is clear that an exception exists where the cross-examiner seeks to show bias on the part of the witness. Whatever tends to show the interest or feeling of a witness in a cause is competent by way of cross-examination. *Commonwealth v. Farrell,* 187 Pa. 408, 41 A. 382 (1898). It is always the right of a party against whom a witness is called to show by cross-examination that he has an interest direct or collateral in the result of the trial". *Commonwealth v. Cheatham,* 429 Pa. 198, 239 A.2d 293 (1968).

In the instant case, the defendant was deprived of his right to inquire into the possible prejudice of the witness by the ruling of the trial court. This error was compounded during the trial judge's charge to the jury when he alluded to a lack of testimony indicating any bias on the part of the witness. Since any evidence tending to show bias on the part of the witness may have cast doubt in the jurors' minds as to the credibility of the witness, we hold that the deprivation of the opportunity to delve into such bias constituted reversible error.

Judgment of sentence is reversed and a new trial granted.

HOFFMAN, J., did not participate in the consideration or decision of this case.