444 A.2d 1214

**COMMONWEALTH of Pennsylvania**

v.

**William P. MOKLUK, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 8, 1980.

Filed April 23, 1982.

Lawrence Sager, Pottstown, for appellant.

Donald A. Mancini, Assistant District Attorney, West Chester, for Commonwealth, appellee.

Before WICKERSHAM, HOFFMAN and VAN der VOORT, JJ.

WICKERSHAM, Judge:

This is an appeal from a judgment of sentence entered on September 19, 1979. Appellant Mokluk and his co-defendant Kenneth Buckwalter were tried before a jury on December 6, 1977. Mokluk was found guilty of two counts of criminal conspiracy. Post-verdict motions were filed and were denied by the lower court on June 18, 1979. On September 19, 1979 Mokluk was sentenced to pay a fine of $250 and was placed on probation for five years. Mokluk filed his notice of appeal to the Superior Court on October 12, 1979.

The relevant facts in the instant case are as follows. On November 11, 1976 Maxwell's Quarters, a historic building located near Valley Forge National Park was burglarized. Numerous antiques and Revoluntionary War items were taken. Police investigation of the incident focused on Norman Schulze. Schulze admitted taking part in the burglary and also implicated his brother Scott Schulze, Kenneth Buckwalter, and appellant Mokluk.

Mokluk was arrested and charged with burglary, theft by unlawful taking or disposition, receiving stolen property, criminal mischief, and criminal conspiracy. His trial, held jointly with that of Kenneth Buckwalter, commenced on

December 6, 1977 after his accomplices Norman Schulze and Scott Schulze had entered guilty pleas pursuant to plea bargains they had negotiated with the Commonwealth. As condition of his plea bargain, Scott Schulze testified as to appellant Mokluk's role in the burglary of Maxwell's Quarters.

At the beginning of appellant Mokluk's trial the lower court judge ordered the sequestration of all witnesses except the prosecuting police officer. During the testimony of Scott Schulze, his attorney, Dean Gascho, was present in the courtroom. Appellant Mokluk's counsel attempted to impeach Scott Schulze's testimony by suggesting, on cross-examination, that it had been motivated by Schulze's desire to obtain a favorable plea bargain for himself. The Commonwealth then called Mr. Gascho to the stand where he testified that Scott Schulze had previously made statements to him which were substantially similar to those Schulze had given in his testimony in the instant case.

Appellant Mokluk's counsel raises two contentions on this appeal, the first of which he phrases as

Did the Lower Court err in refusing to grant a new trial when Dean Gascho was allowed to testify in violation of the Court's sequestration order?

Appellant's Brief at 2.

We answer that question in the negative.

A trial court which, in the exercise of its discretion, permits a witness who has violated a sequestration order to testify will only be reversed if there was not reasonable ground for the action taken. In exercising its discretion, the trial court should consider (1) the seriousness of the violation, (2) its impact on the testimony of the witness and, (3) its probable impact on the outcome of the trial. *Commonwealth v. Smith*, 464 Pa. 314, 346 A.2d 757 (1975).

Additionally, the trial court should consider whether the witness intentionally disobeyed the order of sequestration so that he could determine what other witnesses were testify-

ing to, and whether the party calling the witness procured his disobedience. *Commonwealth v. Floyd*, 259 Pa.Super. 552, 393 A.2d 963 (1978).

■ In the instant case the trial judge, the Honorable John E. Stively, Jr., found that Mr. Gascho violated the sequestration order unintentionally, and that Gascho's testimony would not be affected by his presence in the courtroom during the testimony of other witnesses. N.T., 12/7/77, 302.

The trial court's decision to permit Mr. Gascho to testify was proper. Mr. Gascho is an attorney, presumedly aware of the ramifications of perjury. He represented Scott Schulze since shortly after his arrest, conducted plea negotiations on Schulze's behalf, and advised Schulze to enter a guilty plea to charges arising from the incident Schulze described in his direct testimony. Mr. Gascho's actions during his representation of Scott Schulze were fully consistent with the testimony he presented in the instant case. Appellant Mokluk's contention is without merit.

Appellant Mokluk phrases his second contention of error as

Was it proper to allow a lawyer to testify about an allegedly prior consistent, hearsay statement of his client to corroborate the testimony of the Commonwealth's witness as to the defendant's alleged criminal conduct?

Appellant's Brief at 2.

■ Evidence of prior consistent statements of a witness are admissible if relevant to rebut a charge of recent fabrication. *Commonwealth v. Byrd*, 490 Pa. 544, 417 A.2d 173 (1980).

Prior consistent declarations which are consistent with present testimony may be admissible if it is alleged that the witness is testifying from corrupt motives. *Commonwealth v. Swint*, 488 Pa. 279, 412 A.2d 507 (1980).

■ On cross-examination Mokluk's trial counsel pointed out that Scott Schulze was testifying pursuant to the conditions of a plea bargain and that Schulze was to be placed on probation under the plea agreement. N.T., 12/7/77, 128–30.

An assertion that a witness is testifying in order to receive lenient treatment is sufficient a claim of corrupt motive so as to permit the introduction of prior consistent statements for purposes of rehabilitation. *Commonwealth v. Griffin*, 271 Pa.Super. 228, 412 A.2d 897 (1979).

Appellant Mokluk argues that even if evidence of prior consistent statements by Scott Schulze is admissible it should have been introduced during the rebuttal stage of the Commonwealth's case rather than during direct testimony as was done in the instant situation. Brief of Appellant, 10.

■ While there is language in *Commonwealth v. Wilson*, 394 Pa. 588, 148 A.2d 234 (1959), cert. denied, 361 U.S. 844, 80 S.Ct. 97, 4 L.Ed.2d 82 (1959), indicating that evidence of prior consistent statements is admissible only in rebuttal, we read "rebuttal" in a general sense as referring to testimony that contradicts a charge of recent fabrication or corrupt motive, rather than as a specific stage of a trial. A trial court normally has discretion to admit out of order evidence in rebuttal of an anticipated defense. This discretion is abused only if it unduly prejudices one of the parties. *McGoldrick v. Pennsylvania Railroad Company*, 430 Pa. 597, 241 A.2d 90 (1968).

Appellant Mokluk has not shown that he was unduly prejudiced by the admission of prior consistent statements of Scott Schulze during direct testimony, rather than during the rebuttal stage. The trial court committed no error in permitting Dean Gascho to testify as to the prior consistent statements of Scott Schulze.

Judgment of sentence is affirmed.

HOFFMAN, J., concurs in the result.