498 A.2d 972

COMMONWEALTH of Pennsylvania, Appellee,

v.

Gerald James ROSS, Jr., Appellant.

Superior Court of Pennsylvania.

Submitted June 18, 1985.

Filed Sept. 27, 1985.

572

George N. Daghir, Saint Marys, for appellant.

James A. Meyer, District Attorney, Saint Marys, for Commonwealth, appellee.

Before ROWLEY, OLSZEWSKI and DEL SOLE, JJ.

OLSZEWSKI, Judge:

This appeal follows judgment of sentence for rape and involuntary deviate sexual intercourse. Appellant was tried by a jury and convicted for an attack upon his daughter. Following denial of his post-trial motions, appellant was sentenced to a term of 11 to 22 years imprisonment.[1] He now appeals.

Appellant raises four challenges to his convictions. The lower court dismissed these claims. After reviewing the record and briefs in this case, we are satisfied that appellant's contentions lack merit. For the reasons below, we too reject appellant's claims.

Appellant argues first that the trial court improperly limited his cross-examination of the victim. The girl was 12 years old. Appellant alleges that she may have fabricated the story in order to get attention. At trial he sought to substantiate this claim by asking the girl on cross-examination whether any of her friends had been raped. The prosecution objected. At side bar, counsel explained:

MR. DAGHIR: It's kind of difficult for a defense attorney in this type of case to—if the witness is not telling the truth, then there has to be some reason, and it's a defense point. You don't have to have much ability to show this, whether she fantasizes, maybe one of her

1. The jury returned a guilty verdict on 7 counts: rape by forcible compulsion, 18 Pa.C.S. Sec. 3121(1), rape by threat of forcible compulsion, 18 Pa.C.S. Sec. 3121(2), statutory rape of victim under 14 years of age, 18 Pa.C.S. Sec. 3122(1) involuntary deviate sexual intercourse by forcible compulsion, 18 Pa.C.S. Sec. 3123(1), involuntary deviate sexual intercourse by threat of forcible compulsion, 18 Pa.C.S. Sec. 3123(2), involuntary deviate sexual intercourse with person under 16 years of age, 18 Pa.C.S. Sec. 3123(5), and indecent assault, 18 Pa.C.S. Sec. 3126(1).
The court, finding merger, sentenced appellant only on one count each of rape, 6 to 12 years imprisonment, and involuntary deviate sexual intercourse, 5 to 10 years imprisonment. Section 9718(a) of the Sentencing Act sets a mandatory minimum sentence of 5 years when the offense involves an infant, "the victim is under 16 years of age," 42 Pa.C.S. Sec. 9718(a) (Purdon's 1985 Supp.). Appellant's daughter, at the time of the attack, was 12 years old.

friends has been raped, which I think is so, maybe one of her friends got a lot of attention, and she wanted attention. I don't know. Just probing.

. . . . .

THE COURT: Do you have supporting testimony?

MR. DAGHIR: All I have is through my investigation, Your Honor, I have heard rumors that her best friend Theresa, I believe it was Theresa was raped, and that Joyce Simon and Theresa would not press charges.

N.T. at 36–37. Counsel admitted that he could not offer supporting testimony to establish a basis for his question. The court sustained Commonwealth's objection.

▆▆ Counsel may on cross-examination explore the potential bias or interest of the alleged victim in a rape prosecution. *See Commonwealth v. Black*, 337 Pa.Super. 548, 487 A.2d 396 (1985); *Commonwealth v. Ervin*, 262 Pa.Super. 322, 396 A.2d 776 (1978). The scope of cross-examination, however, lies within the sound discretion of the trial court. *Commonwealth v. Lore*, 338 Pa.Super. 42, 487 A.2d 841 (1984). Absent palpable error, its decision will not be reversed. *Id.*, 338 Pa.Superior Ct. at 56, 487 A.2d at 849. In the instant case, Commonwealth produced testimony and physical evidence supporting the girl's claim that she had been raped. The court properly excluded appellant's question.

▆▆ Appellant objects next to the admission of statements made by the victim to a neighbor. After the attack, the girl had run to the neighbor's home. The neighbor, Joyce Simons, testified to what the girl had told her then. The court admitted testimony under the "excited utterance" exception to the hearsay rule. Appellant argues that too much time had elapsed for the statements to qualify as excited utterances. Further, he contends that the statements had been elicited by Simons and so were not spontaneous.

Simons testified that, at approximately 1:30 that morning, she had answered the door and found the girl standing

there in blue jeans and a nightgown. In response to Simons' query, the girl said "My dad just raped me." Then, again at Simons' request, the girl explained what her father had done.

To constitute an "excited utterance," a statement must be:

a spontaneous declaration by a person whose mind has been suddenly made subject to an overpowering emotion caused by some unexpected and shocking occurrence, which that person had just participated in or closely witnessed, and made in reference to some phase of that occurrence which he perceived, and this declaration must be made so near the occurrence in both time and place as to exclude the likelihood of its having emanated in whole or in part from his reflective faculties.

*Allen v. Mack*, 345 Pa. 407, 410, 28 A.2d 783, 784 (1942), quoted in *Commonwealth v. Farrior*, 312 Pa.Super. 408, 458 A.2d 1356 (1983). "(T)here is no clear-cut rule as to the time sequence; whether the actual delay between the event and the statement is sufficient to negate 'spontaneity' must be resolved in light of the particular facts of each case." *Commonwealth v. Pronkoskie*, 477 Pa. 132, 142, 383 A.2d 858, 863 (1978) (citations omitted). The victim testified that she went to the Simons' house at 12:30 a.m.; Joyce Simons testified that the girl arrived at 1:30 a.m. Apart from that apparent discrepancy, nothing in the record refutes the girl's testimony that immediately after the attack she had run to the neighbor's house. We are satisfied that the spontaneity requirement has been met. "The mere fact that the statements were made in response to questions does not preclude their being spontaneous." *Commonwealth v. Farrior*, 312 Pa.Super. at 413, 458 A.2d at 1359, citing *Commonwealth v. Banks*, 454 Pa. 401, 311 A.2d 576 (1973). We dismiss appellant's third claim.

■ With respect to appellant's remaining claim, we note that, at trial, the girl testified appellant was her father. Appellant, in his testimony, acknowledged her as his daugh-

ter. Appellant now contends that his convictions for indecent assault, statutory rape and two counts of rape must fall because Commonwealth failed to establish that he and his daughter were not husband and wife. It is true that for each of these offenses Commonwealth must establish that the accused engaged in the proscribed conduct "with another person not his spouse." 18 Pa.C.S. Secs. 3121 and 3122; *see* 18 Pa.C.S. Sec. 3126 ("with another not his spouse"). It is equally true that Commonwealth bears the burden of proof beyond a reasonable doubt as to every material element of the crime charged. *Commonwealth v. Bishop*, 472 Pa. 485, 372 A.2d 794 (1977). Where, however, positive unrebutted testimony on record established that appellant was the girl's father, it was unnecessary for the Commonwealth to proceed further to adduce testimony that he was not in fact her husband.

As Commonwealth notes, "To require her to testify that she was not married to him would have been embarrassing and unnecessary." Additional testimony was unnecessary because, under the marriage laws of Pennsylvania, father and daughter cannot legally wed. 23 P.S. Sec. 204(a)(2) (Purdon's 1985 Supp.). A marriage within the prohibited degrees of consanguinity is void. "(I)ts invalidity may be declared in any collateral proceeding." 23 P.S. Sec. 204(b) (Purdon's 1985 Supp.). Commonwealth need not disprove the existence of an invalid marriage.

■ Briefly stated, where unrebutted testimony establishes a relationship within the prohibited degrees of consanguinity as defined by 23 P.S. Sec. 204(a)(2), it may be validly inferred that the accused and the alleged victim were not husband and wife under the laws of this Commonwealth. We are satisfied, for the reasons above, that the inference passes constitutional muster. For the purposes of a criminal prosecution, "the constitutionality of a standardized inference invoked to establish an essential element of the crimes charged must be judged by the reasonable doubt

standard." *Commonwealth v. DiFrancesco,* 458 Pa. 188, 196, 329 A.2d 204, 209 (1974). A fact finder can accept or reject the underlying assertion of a relationship with the prohibited degrees of consanguinity. If the fact finder accepts the evidence, it follows beyond a reasonable doubt that the accused and the alleged victim cannot be legally wed. An invalid marriage is no bar to a prosecution for rape, statutory rape or indecent assault.[2]

■ Finally, appellant argues that the lower court erred in admitting testimony as to his silence at the time of arrest. The challenged testimony consisted of a prosecution witness' reference during direct examination to "written statement forms." From this solitary reference to written statement forms, appellant would infer an impermissible comment on his exercise of his constitutional right to remain silent.

A defendant has the right to remain silent in the face of accusations of wrongdoing. Pa. Const. Article I, Sec. 9. While it is improper to comment on the accused's silence, *Commonwealth v. Williams,* 296 Pa.Super. 97, 442 A.2d 314 (1982), the testimony here did not constitute impermissible testimony. The testimony centered on the authorities' collection of arrest forms and pursuit of the defendant after the incident was reported. While the jury *could* have inferred from the testimony in dispute that the defendant chose to exercise his constitutional right to remain silent, it would have been an extremely imaginative jury to do so on the information given. The lower court did not err in allowing the testimony, and no cautionary instruction was required.

Judgment of sentence affirmed.

**2.** We note that in other jurisdictions, the legislatures have shifted the burden of persuasion to the accused to establish a valid marriage to the alleged victim. *See, e.g.,* Alaska Stat. Secs. 11.41.445(a), .81.-900(b)(1) (1978); Me.Rev.Stat.Ann. Tit. 17–A, Secs. 5(3), 253.4 (Supp. 1978); *see also* Model Penal Code Sec. 213.1.